**HI–LINE ELECTRIC COMPANY,
Petitioner,**

v.

**The TRAVELERS INSURANCE
COMPANIES, Respondents.**

No. B–8893.

Supreme Court of Texas.

Jan. 30, 1980.

John D. Griggs, Dallas, for petitioner.

Timothy R. McCormick, Dallas, for respondents.

PER CURIAM.

The application for writ of error is refused with the notation no reversible error. Our action should not be interpreted as approving the conclusion of the court of civil appeals that a private action under article 21.21 of the Insurance Code must be based on the Deceptive Trade Practices Act nor as approving the court's holding that, "A 'person' as used in article 21.21(16)(a) must be a consumer as defined in section 17.50 of the DTPA . . . ." 587 S.W.2d at 490.

Article 21.21, § 16 provides in pertinent part:

(a) *Any person* who has been injured by another's engaging in any of the practices declared in Section 4 of this Article or in rules or regulations lawfully adopted by the Board under this Article to be unfair methods of competition and unfair and deceptive acts or practices in the business of insurance or in any practice defined by Section 17.46 of the Business & Commerce Code, as amended, as an unlawful deceptive trade practice may maintain an action against the company or companies engaging in such acts or practices.

(b) In a suit filed *under this section,* any plaintiff who prevails may obtain:

(1) three times the amount of actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended;

(2) an order enjoining such acts or failure to act;

(3) any other relief which the court deems proper. (emphasis added).

See *Royal Globe Ins. Co. v. Bar Consultants, Inc.,* 577 S.W.2d 688, 691 (Tex.1979).