Richard OZUNA et ux., Petitioners,

v.

DELANEY REALTY, INC., Respondent.

No. B–9238.

Supreme Court of Texas.

June 4, 1980.

As Corrected On Denial of Rehearing July 16, 1980.

---

PER CURIAM.

Richard and Trinidad Ozuna, purchasers of a house, brought suit under the Deceptive Trade Practices Act (DTPA)[1] against Gene and Ann Carlis, sellers of the house, and Delaney Realty, Inc., the realtor involved in the sale. The gravamen of the Ozunas' deceptive trade practices claim was that (1) the Carlises misrepresented that the house was not susceptible to flooding during periods of heavy rain and (2) Delaney Realty *should have* ascertained this condition of the house, and *should have warned* the Ozunas about the house's susceptibility to being flooded.

Based upon the evidence presented at trial, and the jury verdict, the trial court rendered judgment for the Ozunas against both the Carlises and Delaney Realty under the DTPA. On appeal, the court of civil appeals reversed the judgment against Delaney Realty, Inc. 593 S.W.2d 797. The court of civil appeals held that the Ozunas were not "consumers" as defined in § 17.-45(4) of the DTPA, and thus were not entitled to bring suit pursuant to § 17.50 of the Act. The court of civil appeals based its holding on the fact that Delaney Realty had been paid by the Carlises for those services performed in connection with the instant sale. Since the Ozunas had not purchased or leased any services from Delaney Realty, they did not fall within the classification of "consumers," and thus could not bring suit under the DTPA.

▉ In reviewing the record of this case, we find that the Ozunas presented no evidence that any representative of Delaney Realty made any misrepresentations, either affirmatively or by omission, concerning the tendency of the house to flood.[2]

Robert I. Kahn, Law Offices of Ray Taylor, Phillip R. Spicer, Jr., San Antonio, for petitioners.

Kim I. Manning and Robert D. Reed, San Antonio, for respondent.

1. All statutory references are to the Texas Business and Commerce Code, § 17.41 *et seq.*

2. Mr. Ozunas's testimony concerning Delaney Realty's involvement in any misrepresentations concerning flooding was as follows:

    Q. Did they [Delaney Realty] ever say anything about the drainage problem?

    A. No.
    Q. There were no representations made to you from any agents or representatives of Delaney Realty concerning any water problems or whatever?
    A. No, sir, they never told me that the house flooded.

In fact, the only evidence was that Delaney Realty *should have known* of the flooding. Further, the only evidence presented by the Ozunas concerning misrepresentations was that the *Carlises* misrepresented the tendency of the house to be flooded. Thus, there is no evidence that Delaney Realty, Inc. ever engaged in a deceptive *act* or *practice* that would subject it to liability under the DTPA.[3]

Accordingly, we refuse the Ozunas' application for writ of error since there was no reversible error in the *judgment* of the court of civil appeals. This action should not be interpreted as an implied approval of the lower court's discussion concerning the Ozunas' failure to qualify as "consumers" under the DTPA with respect to Delaney Realty in the instant transaction. We reserve this question of statutory construction for the future.

The application for writ of error is refused, no reversible error.

**Robert Kyle ORMSBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57537.**

Court of Criminal Appeals of Texas, Panel No. 1.

May 9, 1979.

Rehearing Denied July 16, 1980.

Q. You said you never had any proof of any representations or misrepresentations by representatives of Delaney concerning the quote "flood problem"?

A. No, they never did tell me it flooded or whether it didn't flood. I just assumed that they are in a capacity that they should have told me.

Q. Yours is just one of "should have told," is that right?

A. Yes.

Q. Or "should have known," is that right?

A. Exactly.

3. Section 17.46(b)(23) of the DTPA, which declares unlawful the knowing failure to disclose information, when done with the intent to induce a consumer to enter into a transaction, was not enacted until the 1979 session of the Legislature. *See* Texas Laws 1979, ch. 603, § 3, at 1329. Accordingly, this section does not apply to the instant transaction, which occurred in 1977. *Id.*, § 9, at 1332. *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977).