**Frank MANCHAC, Appellant,**

v.

**W. Raymond PACE et al., Appellees.**

**No. 8510.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 30, 1980.

Rehearing Denied Nov. 20, 1980.

Louis Dugas, Jr., Orange, for appellant.

Jon B. Burmeister, Port Arthur, for appellees.

DIES, Chief Justice.

W. Raymond Pace, J. Michael Reed, and Bruce Carr, Jr., as plaintiffs below, sued Frank Manchac, individually and doing business as Manchac Insurance and Real Estate Agency, defendant below, pursuant "to the Texas Deceptive Trade Practices–Consumer Protection Act enacted by the 63rd Legislature, effective May 21, 1973, Section 17.41, et seq. Tex.Bus. and Comm. Code Ann. (1973)."

Plaintiffs alleged that Manchac, as the real estate agent for W. B. Hightower, sold certain lots in a subdivision in Orange County "expressly and/or impliedly warranted to Plaintiffs that all of the tracts of land contained in said subdivision had the same restrictions as are listed in the Plaintiffs' contract for deed. . . . "

On the basis of these representations, plaintiffs purchased lots in the subdivision. Such representations were false.

Trial was to a jury which found that defendant made the representations to each of the plaintiffs and that such constituted an unconscionable course of action, and it awarded damages. From the judgment which followed, defendant brings this appeal. The parties herein will be referred to as they were below.

■ Defendant's first point contends there is no evidence to support the issue on misrepresentation.

The Supreme Court directs us in Lucas v. Hartford Accident and Indemnity Company, 552 S.W.2d 796, 797 (Tex.1977).

"In deciding a 'no evidence' point we must view the evidence in its most favorable light in support of the finding, and we must consider only the evidence and inferences which support the finding."

It will do little good for us to summarize all of the evidence in this case. All of the plaintiffs as well as other witnesses, gave evidence in support of this contention. This point is overruled.

■ Defendant's second point contends plaintiffs are not "consumers" under the Act.

Sec. 17.45(4) of the Consumer Protection Act [Tex.Bus. & Com.Code Ann. § 17.45(4) (Supp.1980), (hereinafter DTP–CPA)] defines "consumer" as being "an individual, partnership, corporation or governmental entity who seeks or acquires by purchase or lease, any goods or services." Real property is included in the definition of "Trade," Sec. 17.45(6) of DTP–CPA.

The El Paso Court in Delaney Realty, Inc. v. Ozuna, 593 S.W.2d 797 (Tex.Civ.App.–El Paso 1980), writ ref'd n. r. e. per curiam, 600 S.W.2d 780 (Tex.1980), held that a plaintiff suing under the Act must prove he is a "consumer" and since he paid nothing for the services of a real estate agent, he was not a "consumer" and could not recover damages from the agent under the Act for failure to disclose that the house was subject to being flooded. [Tex.Bus. & Com. Code Ann. §§ 17.41–17.50, 17.45(4) (Supp. 1980).]

Our Supreme Court in the per curiam opinion, Ozuna v. Delaney Realty, Inc., 600 S.W.2d 780, 781–2 (Tex.1980), wrote:

"In reviewing the record of this case, we find that Ozunas presented no evidence that any representative of Delaney Realty made any misrepresentations, either affirmatively or by omission, concerning the tendency of the house to flood. In fact, the only evidence was that Delaney Realty should have known of the flooding. Further, the only evidence presented by the Ozunas concerning misrepresentations was that the Carlises misrepresented the tendency of the house to be flooded. Thus, there is no evidence that Delaney Realty, Inc., ever engaged in a deceptive act or practice that would subject it to liability under the DTPA.

"Accordingly, we refuse the Ozunas' application for writ of error since there was no reversible error in the *judgment* of the court of civil appeals. This action should not be interpreted as an implied approval of the lower court's discussion concerning the Ozunas' failure to qualify as 'consumers' under the DTPA with respect to Delaney Realty in the instant transaction. We reserve this question of statutory construction for the future."

Following the holding in *Cape Conroe Limited v. Specht*, 525 S.W.2d 215 (Tex.Civ. App.–Houston [14th Dist.] 1975, no writ), the Legislature amended the Act to include real property within the definition of "goods." This intent of the Legislature would certainly be frustrated should purchasers dealing with realtors be held not "consumers." Real estate agents are one of the largest service groups in Texas. *Delaney Realty, Inc. v. Ozuna*, supra at 800.

In reading *Sec. 17.45(1)* and *(2)* together, "services" in *Subsec. (2)* includes services in connection with the sale of goods, which are defined in *Subsec. (1)* to include real property. This certainly includes the services of a real estate agent.

It is no answer to conclude that plaintiffs herein could have proceeded under *Sec. 27.-01*, "Fraud in Real Estate and Stock Transactions." [*Tex.Bus. and Com.Code Ann. § 27.01* (Supp.1980).]

*Sec. 17.43* of the DTPA expressly provides "The remedies provided in this subchapter are in addition to any other procedures or remedies provided for in any other law."

"The D.T.P.A. has also done away with the necessity of proving fraud to recover for a misrepresentation or other deceptive statement." Silverman, "The Texas Deceptive Trade Practices–Consumer Protection Act: Application to Real Estate Sales," 19 S.Tex.L.J. 281, 286 (1978). This is not difficult to appreciate when one considers the some six elements which must be proved to establish the fraud. (These are set out in the section of the South Texas Law Journal above alluded to.)

We do not believe *Riverside National Bank v. Lewis*, 603 S.W.2d 169, 177 (Tex. 1980), has any application to the problem we face here. That decision was grounded on:

"1. The Legislature did not intend the D.T.P.A. to apply to lenders.

"2. The trade practices of lenders are regulated by the Consumer Credit Code, Article 5069–1.01, et seq.

"3. Federal regulation of unfair and deceptive trade practices of national banks pre–empts the application of the D.T.P.A."

None of these elements are present in the case at bar.

We believe one does not have to liberally construe the Act as required by *Sec. 17.44* to reach the conclusion that all "services," including realtors in a real estate transaction, were intended by the Legislature to be covered.

We hold the plaintiffs in this case to be "consumers," overrule all of appellant's points of error, and affirm the judgment of the trial court.

AFFIRMED.

KEITH, Justice, dissenting.

I respectfully dissent. The majority treats us to a lengthy quotation from a per curiam opinion wherein the Supreme Court specifically reserved a question of statutory construction for the future. *Ozuna v. Delaney Realty, Inc.*, 600 S.W.2d 780, 781 (Tex. 1980). The time for construction of the statute has now arrived but the majority has succeeded in avoiding the issue.

In so doing, it narrowly construes the decisive case of *Riverside National Bank v. Lewis*, 603 S.W.2d 169 (Tex.1980), and pointedly ignores the controlling language found in the *Lewis* opinion:

"Thus, we hold that a person who brings a private lawsuit under section 17.50 *must* be a *consumer*, as defined in section 17.45(4). The other courts that have considered this issue have been in accord. See, e. g., *Hi–Line Electric Co. v. Travelers Insurance Co.*, 587 S.W.2d 488 (Tex.

Civ.App.–Dallas 1979), writ ref'd n. r. e., 593 S.W.2d 953 (1980) (per curiam); *Russell v. Hartford Casualty Insurance Co.,* 548 S.W.2d 737 (Tex.Civ.App.–Austin 1977, writ ref'd n. r. e.)." (603 S.W.2d at 173, emphasis in original)

The majority also chooses to ignore the *approval* of this language found in *Hi–Line* : *

"Appellee contends that a consumer must seek or acquire goods or services *from the person he is suing.* We agree.... We hold that appellant is not a consumer with respect to appellee because the alleged misrepresentation was not made in connection with any actual or prospective sale or lease transaction in which appellant was seeking or acquiring *goods, or services supplied by appellee."* (587 S.W.2d at 490, emphasis in original)

This is the language now controlling the case at the bar.

In three pleadings, plaintiffs sought relief only under DTPA and at no time did any plaintiff seek relief in tort, contract, or under *Tex.Bus. & Comm.Code Ann. § 27.01 (1968).* Nor do the plaintiffs seek to rely upon the doctrine of respondeat superior so as to lay claim against the seller of the land because of the acts of his agent. Instead, plaintiffs dealt with defendant who was acting solely as an agent for the grantor and who was paid by the grantor, not the plaintiffs.

In their eagerness to pursue the legislatively created panacea, DTPA, plaintiffs and their counsel overlooked and neglected to pursue an available remedy which would have given them substantial relief against not only the agent for the seller (our defendant), but the owner of the property who was the beneficiary of the fraudulent conduct of which they complain. *Tex.Bus. & Comm.Code Ann. § 27.01* is the statute designed specifically to protect gullible purchasers such as plaintiffs assert themselves to be. Complete relief could have been secured had plaintiffs invoked the provi-

sions of *§ 27.01.* See, e. g., *R. O. McDonnell Development Co. v. Schlueter,* 339 S.W.2d 701, 706 (Tex.Civ.App.–Fort Worth, writ ref'd n. r. e.); *Penroc Oil Corp. v. Donahue,* 476 S.W.2d 849, 851 (Tex.Civ.App.–El Paso 1972, writ ref'd n. r. e.). See also, Comment, *33 SW.L.J. 703, 720 (1979).* See and cf. *Person v. Latham,* 582 S.W.2d 246, 249 (Tex.Civ.App.–Beaumont 1979, writ ref'd n. r. e.).

I am wholly unpersuaded by the reference to the law review note mentioned in the majority opinion. The author of the article was considering the liability of the builder–vendor as shown conclusively by the language used before and after the single overly broad sentence quoted by the majority.

The plaintiffs were not consumers as defined in the Act. *Riverside National Bank v. Lewis,* supra. Having no standing to bring and maintain their suit, it is clear that the trial court erred in entering judgment against the defendant. If additional legislation is needed to protect the public from unscrupulous real estate agents, such is a matter which has been entrusted to the Legislature and it will be in session within a few months.

I cannot join in a judicial lucubration which refuses to follow either the statutory or case law on the subject. I would reverse the judgment of the trial court and render judgment for the defendant. I do not suggest a remand of the cause so as to enable plaintiffs to pursue their legitimate claim under *§ 27.01,* discussed herein, for the reason that it is apparent from the face of the pleading that their cause of action is barred by limitation.

---

\* Originally, in its per curiam opinion reported in 593 S.W.2d 953 (Tex.1980), the Supreme Court had withheld its approval of the language quoted above. The majority of the Court in *Riverside National Bank v. Lewis* has now approved this basic holding in *Hi Line.*