IN THE SUPREME COURT OF TEXAS

NO. B-9609

JERRY D. CAMERON, ET UX.,    X

        Petitioners    X

                      FROM TARRANT COUNTY
v.                    X      SECOND DISTRICT

TERRELL & GARRETT, INC.,    X

        Respondent    X


This is a deceptive trade practice case. Jerry D. Cameron and Jo Ann Cameron, purchasers of a house, brought this suit for treble damages against the seller's real estate agent, Terrell & Garrett, Inc., for a misrepresentation of the square footage in the house. The primary question presented is whether the Camerons are consumers within the meaning of the Deceptive Trade Practices—Consumer Protection Act (DTPA).[1] The trial court rendered a take-nothing judgment non obstante veredicto for Terrell & Garrett. The court of civil appeals affirmed but on different grounds. The court of civil appeals held that the Camerons were not consumers and, therefore, could not bring a private lawsuit against Terrell & Garrett for a deceptive trade practice violation. 599 S.W.2d 680. We hold the Camerons are consumers. We also hold that there is some evidence to support the jury verdict for the Camerons. Accordingly, we reverse the judgment of the court of civil appeals and render judgment for the Camerons in accordance with the verdict.

In October 1975 the Camerons purchased a house in Arlington, Texas. The sellers, who are not parties to this lawsuit, had listed the house for sale with Terrell & Garrett, a real estate brokerage

---

[1] All statutory references are to Vernon's Texas Business and Commerce Code, unless otherwise noted. The DTPA is found in section 17.41, et seq. Other statutory references are to Vernon's Texas Revised Civil Statutes Annotated. All emphases are ours.

and agency firm. In listing the house for sale, the sellers were required to execute a listing agreement whereby they were to pay Terrell & Garrett a commission of six percent of the purchase price if Terrell & Garrett obtained a sale within a certain period. As part of its normal business practice, Terrell & Garrett then listed the house in the Multiple Listing Service (MLS) guide of the Arlington Board of Realtors. In doing so, Terrell & Garrett submitted some general information about the house for publication in the MLS guide. Included in this information was a statement that the house contained 2400 square feet. There is testimony that this statement was made to represent the number of square feet of heated and air conditioned space in the house.

On September 6, 1975, the Camerons were driving with their own real estate agent and looking for a house when they found the house in question. While stopped in front of the house, their realtor showed them the statement in the MLS guide that it contained 2400 square feet. The Camerons testified that they relied on the statement to mean that the house had 2400 square feet of heated and air conditioned space. Also, the Camerons testified that they agreed to purchase the house for $52,957.04 in reliance on this statement because they thought they were purchasing a house with 2400 square feet of heated and air conditioned space for $22.06 per square foot.

After purchasing and moving into the house, the Camerons had it measured and found out it actually contained only 2245 square feet of heated and air conditioned space -- 155 feet less than represented by Terrell & Garrett. However, they also discovered that if the garage, porch, and wall space were included, the house would have had a total of 2400 square feet of space.

The Camerons sued Terrell & Garrett for damages, alleging a cause of action under the DTPA for a misrepresentation made in a real estate transaction. The basis of the Camerons' deceptive trade practice claim is that Terrell & Garrett falsely represented in the

-2-

MLS guide the number of square feet in the house. They alleged actual damages of $3,419.30, which they computed by multiplying the cost of the house per square foot as represented ($22.06) times the square footage deficiency (155 feet). The Camerons sought treble damages, reasonable attorney's fees and court costs under section 17.50(b) of the Act.[2/]

The case was submitted on special issues to the jury for a violation of the general prohibition in section 17.46(a) as authorized by section 17.50(a)(1).[3/] The jury returned a verdict for the Camerons. Terrell & Garrett then filed motions to disregard jury findings and for judgment notwithstanding the verdict, challenging in part the legal sufficiency of the evidence to support the jury's answers to special issues. The trial court sustained Terrell & Garrett's motions on the basis there was no evidence to support the jury's answers to the following special issues:

"SPECIAL ISSUE NO. 2

. . . .

"Do you find from a preponderance of the evidence that the Defendant's representation that the house in question contained two thousand four hundred square feet was false, misleading or deceptive act or practice?

. . . .

"Answer 'We do' or 'We do not.'

"ANSWER: 'We do.'

---

2/ Section 17.50(b)(1) provides·

"(b) In a suit filed under this section, each consumer who prevails may obtain

"(1) three times the amount of actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended;..."

3/ Section 17.50(a)(1) was amended in 1979 so that a private cause of action is no longer available under section 17.46(a). The provisions of the DTPA in effect on the date the alleged misrepresentation occurred, September 6, 1975, govern the disposition of this case. See Riverside National Bank v. Lewis, 603 S.W.2d 169, 172 (Tex. 1980), and Woods v. Littleton, 554 S.W.2d 662, 666 (Tex. 1977).

"SPECIAL ISSUE NO. 3

. . . .

"Do you find from a preponderance of the evidence
that the Defendant's representation of the quantity of
square feet in the house in question was a producing
cause of actual damages sustained by the Plaintiffs?

. . . .

"Answer 'We do' or 'We do not.'

"ANSWER: 'We do'"; and

"SPECIAL ISSUE NO. 4

. . . .

"What sum of money, if any, if paid now in cash,
do you find from a preponderance of the evidence would
fairly and reasonably compensate the Plaintiffs for
their actual damages, if any?

"Answer in dollars and cents, if any.
"ANSWER: $3,419.30."$\underline{4/}$

The trial court rendered a take-nothing judgment against the Camerons
notwithstanding the verdict.

On appeal, the Camerons contended that the trial court erred
in setting aside the jury verdict because there was some evidence to
support the jury's answers to special issues number 2, 3, and 4.
However, to vitiate the verdict, Terrell & Garrett contended by
crosspoint that the Camerons could not bring a private lawsuit under
the DTPA because the Camerons were not consumers, as defined in sec-
tion 17.45(4), as to them. The court of civil appeals sustained the
contentions of both parties and, as a result, affirmed the trial
court's take-nothing judgment. In this case, the Camerons' sole con-
tention is that the court of civil appeals erred in holding they were
not consumers as defined in section 17.45(4).

_____

4/ In this case, the trial court failed to place an explanatory in-
struction in the charge instructing the jury as to the proper
elements to consider in measuring the Camerons' actual damages.
It is clear from the record that the jury measured damages by
multiplying the cost of the house per square foot as represented
($22.06) times the square footage deficiency (155 feet) and also
included the value of the land in determining the square footage
price of the house. However, Terrell & Garrett waived any error
committed by the jury in measuring damages and in considering the
value of the land by failing to object to this evidence (continued)

-4-

In Riverside National Bank v. Lewis, 603 S.W.2d 169, 173 (Tex. 1980), we recognized that a person must qualify as a consumer as that term is defined in section 17.45(4) to maintain a private cause of action for treble damages under section 17.50 of the Act. To the same effect are Rutherford v. Whataburger, Inc., 601 S.W.2d 441, 444 (Tex. Civ. App.--Dallas 1980, writ ref'd n.r.e.), Ferguson v. Beal, 588 S.W.2d 651, 653 (Tex. Civ. App.--Houston [14th Dist.] 1979, writ ref'd n.r.e.), Hi-Line Electric Co. v. Travelers Insurance Co., 587 S.W.2d 488, 490 (Tex. Civ. App.--Dallas 1979), writ ref'd n.r.e. per curiam, 593 S.W.2d 953 (1980), and Russell v. Hartford Casualty Insurance Co., 548 S.W.2d 737, 741 (Tex. Civ. App.--Austin 1977, writ ref'd n.r.e.). Section 17.45(4) defines consumer as "an individual, partnership, or corporation who seeks or acquires by purchase or lease, any goods or services."

We have also recognized at least two requirements that must be established for a person to qualify as a consumer under the DTPA. One requirement is that the person must have sought or acquired goods or services by purchase or lease. Riverside National Bank v. Lewis, supra at 174; see Woods v. Littleton, 554 S.W.2d 662, 666 (Tex. 1977). Another requirement recognized by this Court is that the goods or services purchased or leased must form the basis of the complaint. Riverside National Bank v. Lewis, supra at 175; Woods v. Littleton, supra at 666; see also Rutherford v. Whataburger, Inc., supra at 444; Delaney Realty, Inc. v. Ozuna, 593 S.W.2d 797, 800 (Tex. Civ. App.--El Paso), writ ref'd n.r.e. per curiam, 600 S.W.2d 780 (1980); and Ferguson v. Beal, supra at 653. If either require-

---

4/ (Continued)

and by failing to request an instruction on the proper measure of damages in substantially correct form. See Jefferson County Drainage Dist. No. 7 v. Herbert, 244 S.W.2d 535 (Tex. Civ. App.--Austin 1952, writ ref'd n.r.e.).

ment is lacking, the person aggrieved by a deceptive act or practice must look to the common law or some other statutory provision for redress. 5/

The Camerons satisfy both of these requirements in the case at hand. Although the Camerons alleged that they "sought or acquired the services" of Terrell & Garrett, it is clear that their complaint is not based on any alleged misrepresentation of the quality or quantity of services rendered by Terrell & Garrett. Instead, the Camerons' complaint is based solely on an alleged misrepresentation of the quantity of square feet in the house. At the time of this alleged deceptive trade practice, section 17.45(1) defined goods to include "... real property purchased ... for use."

Terrell & Garrett seeks to have this Court impose a type of privity requirement into the definition of consumer. It contends that a person must seek or acquire goods or services furnished by the person he is suing to qualify as a consumer under the DTPA. To be a consumer, it is submitted that if this requirement were imposed, a defendant would have to be in the same chain of title with the good or service on which the complaint is based. It argues that under this requirement the Camerons could not be consumers as to Terrell & Garrett because it was the seller's agent and did not furnish any goods or services that were sought or acquired by the Camerons. As authority for the imposition of this additional requirement to the qualifications of a consumer, Terrell & Garrett cites Hi-Line Electric Co. v. Travelers Insurance Co., 587 S.W.2d 488 (Tex. Civ. App.--Dallas 1979), writ ref'd n.r.e. per curiam, 593 S.W.2d 953 (1980), and Barthlow v. Metcalf, 594 S.W.2d 143 (Tex. Civ. App.--Houston [1st Dist.] 1979, writ dism'd), where it was held

_____

5/  The question raised in Woods v. Littleton, 554 S.W.2d 662, 666 (Tex. 1977), of whether a person other than a consumer could bring a private cause of action for treble damages under the DTPA was foreclosed in Riverside National Bank v. Lewis, 603 S.W.2d 169, 174.

that a consumer is one who seeks or acquires goods or services furnished by the defendant.

In the case of Delaney Realty Co. v. Ozuna, 593 S.W.2d 797 (Tex. Civ. App.--El Paso), writ ref'd n.r.e. per curiam, 600 S.W.2d 780 (1980), a seller of a house represented to the purchaser that the house was not subject to flooding. The seller's real estate agent, however, made no representation about the tendency of the house to flood. The house did flood. The purchaser sued the seller and seller's agent under the DTPA, alleging that the seller misrepresented that the house was not susceptible to flooding and the seller's agent should have ascertained this condition of the house, and should have warned them about the susceptibility of the house to flooding. The court of civil appeals held that since the purchaser did not purchase any goods or services from the seller's agent, the purchaser did not fall within the definition of consumer and thus could not bring suit under the DTPA. In a per curiam opinion, we agreed with the judgment of the court of civil appeals stating there was no evidence that the seller's agent made any misrepresentation about flooding. However, we refused the purchasers' application for writ of error, no reversible error, stating:

> "This action should not be interpreted as an implied approval of the lower court's discussion concerning the [purchasers'] failure to qualify as 'consumers' under the DTPA with respect to [the seller's agent]... . We reserve this question of statutory construction for the future."

600 S.W.2d at 782.

We are now called upon to answer this question of statutory construction expressly reserved in Delaney. In all interpretations of the Act, our primary objective is to ascertain the legislature's intent. Woods v. Littleton, supra at 665. To do that, we must look to the Act as a whole, and not its isolated provisions, keeping in mind at all times "the old law, the evil, and the remedy." Id. The legislature itself directed that the Act "shall be liberally construed to promote its underlying purposes which are to protect con-

sumers against false, misleading, and deceptive acts or practices, unconscionable actions and breaches of warranty and to provide efficient and economical procedures to secure such protection." Section 17.44.

The breadth of the Act is evidenced by section 17.49 which sets out the exemptions to the DTPA. That section does not provide an exemption for deceptive trade practices by persons who do not furnish the goods or services on which the complaint is based. Rather, it only exempts from the Act certain media owners and employees who publish and disseminate deceptive advertisements of goods and services for third parties. That same exemption, however, does not extend immunity from the Act where the media defendants (1) knew of the deception in the advertisement or (2) had a direct or substantial financial interest in the unlawfully advertised good or service. These media defendants, of course, do not furnish the goods or services that they advertise for third parties. Consequently, if the Act already excluded defendants who do not furnish the goods or services, as argued by Terrell & Garrett, there would have been no need for the legislature to exempt media defendants from liability or to have provided that media defendants could be sued in the two situations mentioned above. The legislature is never presumed to have done a useless act. Red River National Bank v. Ferguson, 109 Tex. 287, 206 S.W.2d 923 (1918); Brown v. Memorial Villages Water Authority, 361 S.W.2d 453 (Tex. Civ. App.--Houston 1962, writ ref'd n.r.e.).

Similarly, if the legislature had intended to place such a restriction on the class of persons who could be sued under the Act for deceptive trade practices, it could easily have done so by simply drafting the restriction into the definition of consumer or some other provision of the Act. See Maxwell, Public & Private Rights & Remedies Under the Deceptive Trade Practices--Consumer Protection Act, 8 ST. MARY'S L.J. 617, 655 (1977). It is a rule of statutory construction that every word of a statute must be presumed

to have been used for a purpose. Eddins-Walcher Butane Co. v. Calvert, 156 Tex. 587, 298 S.W.2d 93, 96 (1957). Likewise, we believe every word excluded from a statute must also be presumed to have been excluded for a purpose. Only when it is necessary to give effect to the clear legislative intent can we insert additional words or requirements into a statutory provision. Mauzy v. Legislative Redistricting Board, 471 S.W.2d 570, 572 (Tex. 1971); see Texas & N.O. R. Co. v. Texas Railroad Comm., 145 Tex. 541, 200 S.W.2d 626, 629 (1947).

We find no indication in the definition of consumer in section 17.45(4), or any other provision of the Act, that the legislature intended to restrict its application only to deceptive trade practices committed by persons who furnish the goods or services on which the complaint is based. Nor do we find any indication that the legislature intended to restrict its application by any other similar privity requirement. In contrast, privity requirements have been dispensed with altogether in negligence suits, in implied warranty suits for economic loss, and, for the most part, privity requirements have also been abolished in strict liability suits. See Nobility Homes of Texas, Inc. v. Shivers, 557 S.W.2d 77 (Tex. 1977). The Act is designed to protect consumers from any deceptive trade practice made in connection with the purchase or lease of any goods or services. Hi-Line Electric Co. v. Travelers Insurance Co., supra at 490. To this end, we must give the Act, under the rule of liberal construction, its most comprehensive application possible without doing any violence to its terms.

Consumer is defined in section 17.45(4) only in terms of a person's relationship to a transaction in goods or services. It does not purport to define a consumer in terms of a person's relationship to the party he is suing. Section 17.45(4) does nothing more than describe the class of persons who can bring a suit for treble damages under section 17.50. Riverside National Bank v. Lewis, supra at 173. It does not say who a consumer can sue under section 17.50 for a deceptive trade practice violation. With respect to whom a consumer can sue, section 17.50(a)(1), the subsection under which this suit was tried, expressly states that a consumer

can bring a suit if he has been adversely affected by "the use or employment by _any_ _person_ of an act or practice declared to be unlawful in section 17.46." Terrell & Garrett is a person under the Act. We, therefore, hold that a person need not seek or acquire goods or services furnished by the defendant to be a consumer as defined in the DTPA.

To the extent that language in Hi-Line Electric Co. v. Travelers Insurance Co., _supra_, and Barthlow v. Metcalf, supra, is inconsistent with this opinion, it is disapproved. We have considered both cases and find their respective holdings to be supported on other grounds announced therein. Whether the Act should be so restricted is a matter for the legislature and not this Court. Accordingly, we hold the Camerons are consumers because they purchased the goods on which their complaint is based.

Because we have held that the court of civil appeals erred on the grounds on which it affirmed the judgment of the trial court, we must consider Terrell & Garrett's crosspoints before this Court to see if there are any grounds presented therein to affirm the court of civil appeals' judgment. In doing so, we find three crosspoints challenging the court of civil appeals' ruling there is some evidence to support the jury findings to special issue numbers 2, 3, and 4, which are set out above. The jury answered each special issue in favor of the Camerons. For that reason, we are required to consider only the evidence and the reasonable inferences that can be drawn therefrom, in their most favorable light, to support these jury findings. East Texas Theatres, Inc. v. Rutledge, 453 S.W.2d 466 (Tex. 1970), Garza v. Alviar, 395 S.W.2d 821 (Tex. 1965). We have considered each of these crosspoints and we agree with the ruling of the court of civil appeals on the legal sufficiency of the evidence to support these jury findings.

We, therefore, reverse the judgments below and render judgment for the Camerons in accordance with the jury verdict. The

-10-

Camerons are also entitled to treble damages, reasonable attorney's fees, and costs as authorized by the DTPA.

Sears McGee
Justice

OPINION DELIVERED:  March 4, 1981.



# THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
  JOE R. GREENHILL

JUSTICES
  JACK POPE
  SEARS McGEE
  JAMES G. DENTON
  CHARLES W. BARROW
  ROBERT M. CAMPBELL
  FRANKLIN S. SPEARS
  C. L. RAY
  JAMES P. WALLACE

P.O. BOX 12248      CAPITOL STATION
AUSTIN, TEXAS 78711

March 4, 1981

CLERK
  GARSON R. JACKSON

EXECUTIVE ASS'T.
  WILLIAM L. WILLIS

ADMINISTRATIVE ASS'T
  MARY ANN DEFIBAUGH

Mr. J. Marshall Gilmore, Atty
Davison & Gilmore
1060 W. Pipeline Road
Hurst, Texas      76053

Mr. W. McFarland Bagby, Atty
1194 West Pioneer Parkway
Arlington, Texas      76013

RE:   B-9609.   JERRY D. CAMERON ET UX. vs. TERRELL & GARRETT, INC.
              No. 18304 in the Second Court of Civil Appeals
              No. VS67-38362-76 in the 67th District Court

Gentlemen.

Today, the Supreme Court of Texas delivered an opinion in
the above referenced cause.

The opinion by Justice McGee reversed the judgments of
the courts below and rendered judgment judgment for the
Camerons.

Copies of the enclosed opinion are being mailed to Justice
W. A. Hughes, Second Court of Civil Appeals, Judge, Clyde
Ashworth, 67th District Court, and Tarrant County District
Clerk, Mr. J. W. Boorman.

Very truly yours,

GARSON R. JACKSON, Clerk

By Mary M. Wakefield
   Mary M. Wakefield
   Chief Deputy

Encl:  opinion



# THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
  JOE R. GREENHILL

JUSTICES
  JACK POPE
  SEARS McGEE
  JAMES G. DENTON
  CHARLES W. BARROW
  ROBERT M. CAMPBELL
  FRANKLIN S. SPEARS
  C. L. RAY
  JAMES P WALLACE

P.O. BOX 12248     CAPITOL STATION
AUSTIN, TEXAS 78711

March 5, 1981

CLERK
  GARSON R. JACKSON

EXECUTIVE ASS'T
  WILLIAM L. WILLIS

ADMINISTRATIVE ASS'T
  MARY ANN DEFIBAUGH

Mr. J. Marshall Gilmore, Atty
Davison & Gilmore
1060 W. Pipeline Road
Hurst, Texas     76953

Mr. W. McFarland Bagby, Atty
1194 West Pioneer Parkway
Arlington, Texas     76013

RE: B-9609:  JERRY D. CAMERON ET UX.
                    vs.
             TERRELL & GARRETT, INC.

Gentlemen:

Enclosed please find a copy of the judgment of the Supreme Court
of Texas in the above referenced cause as said judgment appears in
the minutes of this Court under the date of March 4, 1981.

This is the judgment that will issue in mandate form to the
lower court if no motion for rehearing is filed or if a filed
motion for rehearing is overruled.

                              Very truly yours,


                              GARSON R. JACKSON, Clerk


                              By/Mary M. Wakefield
                                 Mary M. Wakefield
                                 Chief Deputy


Encl.  copy of judgment



# THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
  JOE R. GREENHILL

JUSTICES
  JACK POPE
  SEARS McGEE
  JAMES G. DENTON
  CHARLES W. BARROW
  ROBERT M. CAMPBELL
  FRANKLIN S. SPEARS
  C. L. RAY
  JAMES P WALLACE

CLERK
  GARSON R. JACKSON

EXECUTIVE ASS'T
  WILLIAM L. WILLIS

ADMINISTRATIVE ASS'T.
  MARY ANN DEFIBAUGH

P.O. BOX 12248    CAPITOL STATION
AUSTIN, TEXAS 78711

April 2, 1981

Mr. J. W. Boorman
District Clerk
Tarrant County Courthouse
Fort Worth, Texas    76102

Re.  JERRY D. CAMERON ET UX. vs. TERRELL & GARRETT, INC.
    NO. B-9609 in the Supreme Court
    NO. 67-39362-76 in the 67th District Court, Tarrant County, Texas

Dear Mr. Boorman:

The judgment of the Supreme Court of Texas is now final in the above referenced cause.  As Rule 507, Texas Rules of Civil Procedure, has been satisfied, we have issued the mandate as of this date.

Enclosed with the mandate is a certified copy of our cost bill showing the charges and payments as reflected by the record for your use in settlement between the parties.

Very truly yours,

GARSON R. JACKSON, Clerk

By _Mary M. Wakefield_
    Mary M. Wakefield
    Chief Deputy

Encl.  mandate w/opinion
      cost bill

CC:  Mr. J. Marshall Gilmore-Hurst (Letter only)
     Mr. W. McFarland Bagby-Arlington "    "