**RIDCO, INC. d/b/a the Venture Company and Grover Riddle, Individually, Appellants,**

v.

**Joyce SEXTON, Appellee.**

**No. 18551.**

Court of Appeals of Texas, Fort Worth.

Nov. 4, 1981.

Robert F. Vecchio, Arlington, for appellants.

Thompson & Knight and Stephen F. Fink, Dallas, for appellee.

Before HUGHES, JORDAN and BROWN, JJ.

## OPINION

JORDAN, Justice.

This is an appeal from an adverse judgment in a case involving a contract for the sale of a "townhouse" in the City of Grand Prairie, Texas. Appellee contracted with appellants for the purchase of the townhouse but refused to consummate the contract because, as she alleged, she discovered several serious construction defects in the structure before closing of the sale. She brought suit for rescission of the contract and for damages for fraud and misrepresentation under Tex.Bus. & Comm.Code Ann. (1968) § 17.46(a), (b)(5) (Supp.1980–81) and § 27.01. Trial was to a jury.

We affirm the judgment of the trial court.

■■■ Appellants urge six points of error. In their first and fifth points of error appellants argue that the trial court erred in overruling their motions for directed verdict for the reason that appellee failed to plead and prove that she was a "consumer" as defined in § 17.45(4). They contend, correctly, that before any recovery under the Deceptive Trade Practices Act may be had it is necessary to plead and prove that the complaining party is a "consumer." *Woods v. Littleton,* 554 S.W.2d 662, (Tex. 1977); *Delaney Realty, Inc. v. Ozuna,* 593 S.W.2d 797, (Tex.Civ.App.—El Paso 1980, writ ref'd n. r. e.), 600 S.W.2d 780. It is true that appellee, in her pleadings in this case, did not specifically spell out the allegation that she was a "consumer" under the Deceptive Trade Practices Act (§ 17.45(4)). She did not say "I am a consumer under this act for the following reasons." However, she did, in her first amended petition, allege the following: that in April, 1977 she and appellant entered into a written contract of sale for the purchase by her of a certain described "townhouse" in Grand Prairie, Texas, for a purchase price of $65,-000; that she deposited $1500 earnest money with the defendants; that prior to and at the time of the execution of this contract defendants represented to her that the "townhouse" was or would be built in a good and workmanlike manner and that the "best materials available" would be used in the construction; that these representations and warranties were false in certain specified particulars and that these misrepresentations and breach of warranties constituted breach of the common law of warranties

and fraud and also constituted violations of § 17.46(a), (b)(5) and 27.01 of the Business and Commerce Code. We hold that appellee quite clearly pled that she was a consumer under the pertinent sections of the Deceptive Trade Practices Act.

By overruling appellant's motions for directed verdict the trial court concluded and held that appellee was a consumer under this act. In this action we think the trial court was correct in this holding under the evidence introduced at trial. Ordinarily, the determinative question of whether or not the plaintiff is a consumer in a case such as this is one of law to be determined by the trial court from the evidence. This is so because the question of whether or not a person is a consumer under this act involves construction of § 17.45(4) of the statute, as it applies to each case. Of course, if some of the basic ingredients of the question of consumer are in dispute, those questions should be submitted to the jury. In all of the cases we have examined on this question, either the trial court or the appellate court has concluded as a matter of law from the evidence, that the plaintiff in a deceptive trade practices case is or is not a "consumer" under the Act. If the trial court were to conclude that a plaintiff in a case was not a consumer, he would not submit questions as to the violation of the terms of the Act to the jury.

The main thrust of appellant's argument in their first and fifth points of error is that appellee never consummated the contract for the purchase of the townhouse, but instead filed suit to rescind the contract and for damages under the Deceptive Trade Practices Act. This argument is quickly refuted by the language of § 17.45(4) defining the term "consumer." That language defines a "consumer" as "an individual, partnership, corporation, or governmental entity who seeks or acquires by purchase or lease, any goods or services." There is voluminous evidence in this case to show conclusively that appellee did in fact seek to purchase this townhouse from appellants. She signed a contract for such purchase, paid $1500 down, made arrangements for a loan to purchase it, visited the construction site many times, and then, when the construction defects such as exterior and interior cracks became obvious to her, she hired a housing engineer and a soil engineer to advise her about the problems which had arisen in the construction of the townhouse.

This precise argument was urged and rejected in *Anderson v. Havins*, 595 S.W.2d 147, (Tex.Civ.App.—Amarillo 1980, no writ) under a similar fact situation. We overrule appellant's first and fifth points of error.

By their second point of error appellants contend that the trial court erred in overruling their objections to the submission of special issues nos. 1, 2, and 3 for the reason that there is no evidence or insufficient evidence to prove that the alleged misrepresentations were made or that such misrepresentations induced appellee to enter into the contract. Special issue no. 1 inquired of the jury as to whether appellants represented to appellee that the townhouse would be built in a good and workmanlike manner and would be constructed using the best materials available. Special issue no. 2 asked whether either of the representations, if they were made, induced appellee to enter into the contract. Issue no. 3, based on an affirmative answer to issue no. 1, inquired as to whether or not the townhouse was constructed in a good and workmanlike manner or was constructed using the best materials available. All these issues were found as appellee desired.

First, appellants say there is no evidence that appellants represented that they would construct the townhouse in a good and workmanlike manner. The record, however, does not support this assertion. Appellants admitted in response to appellee's request for admissions no. 3, read into evidence before the jury, that they did in fact represent to appellee "that the subject of the said contract (the townhouse in question) was or would be built in a good and workmanlike manner using materials suited for the purpose intended."

Then appellants say that nowhere in this record will be found any evidence that appellants contracted to build the townhouse

"with the best materials available", and that it was error for the trial court to use this language in submitting all three of the special issues. They contend, that the issues did not conform to the pleadings and evidence. It is appellant's position that the testimony of appellee concerning the representation of appellants was that they, appellants, promised "to use only the finest materials money could buy," and that this language is different than that used in the issues submitted to the jury. Again, we find that appellants are in error in stating what the record reveals. Appellee Sexton and her witness, Gay McKenzie, testified that appellants represented to appellee that the materials used in the construction were "the finest materials that money could buy," (S.F., Vol. I, pp. 24, 53), "the best quality material," (S.F., Vol. II, p. 261). There was also testimony, from appellee, that appellants represented that this townhouse would be built with "the best quality materials available."

■ Regardless, however, of the precise words used to describe the representations made by appellants, we hold that the language used by the trial court in submitting the issues was appropriate, correct and not misleading. The language used did comport with the pleadings and the evidence. This point of error is also overruled.

■ In the third point of error appellants complain of the trial court's failure to submit a defensive issue with respect to whether or not appellants were given a reasonable opportunity to rectify appellee's complaints. This defense, allowable under certain circumstances under § 17.50A of the Business and Commerce Code, was an affirmative defense. If available it should have been pleaded under Tex.R.Civ.P. 94, and an issue concerning same requested by appellants at time of submission. (Tex.R. Civ.P. 279.) Appellants did not so plead and the record does not reveal any request for such issue. Moreover, under the facts in this case, it is obvious that the defense permitted by § 17.50A was not available to appellants.

■ Appellant's fourth point of error contends that there is no evidence, or insufficient evidence, that they misrepresented to appellee the quality of workmanship or materials that induced appellee to sign the contract of April 29, 1977, that these misrepresentations were false and misleading, or that the townhouse was not built with the best materials available. As to the first contention here, there is ample evidence, as pointed out above in our discussion of appellant's second point of error, that the appellants did in fact represent that the townhouse would be built in a good and workmanlike manner, using the best materials available, and that the townhouse was not so built. Appellants argue that their statements were mere puffing and were not really misrepresentations made to induce appellee to enter into the contract. We cannot agree with this contention. There is more than sufficient evidence on which the jury could find, as it did, that these statements were made, that they were false, and that they induced the appellee to sign the contract.

■ As to the second phase of appellant's fourth point of error, that there was no evidence or insufficient evidence that the townhouse was not built with the finest materials available, again we cannot agree with appellants. There was testimony as to numerous cracks, both in the interior and exterior of this structure, standing water in the inside of the unit, bowed baseboards, ripples in the walls, buckling kitchen cabinets, holes around electrical outlets, as well as other examples of poor workmanship and materials.

■ In considering "no evidence points" this court must consider only the evidence favorable to the jury's finding and disregard all evidence or inferences to the contrary. *Goodyear Tire & Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916 (Tex.1978). In determining insufficiency of the evidence points the court must consider and weigh all of the evidence, and may set aside the jury's verdict and order a new trial only if the verdict is so against the great weight and preponderance of the evi-

dence as to be manifestly unjust. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, (1951); *Anderson v. Havins, supra.* In applying these tests here, we find that there is ample evidence of probative force to support the jury findings. Appellant's fourth point of error is accordingly overruled.

We have considered all points raised by appellants. They are overruled and the judgment of the trial court affirmed.