Gary E. Miller, M.D. Commissioner Texas Department of Mental Health and Mental Retardation P. O. Box 12668 Austin, Texas 78711
Re: Licensing of audiologists under article 4566, V.T.C.S.
Dear Dr. Miller:
You have requested our opinion on the following two questions concerning article 4566, V.T.C.S.:
 1. Does article 4566 require that an audiologist with a master's or doctorate degree be licensed by the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids?
 2. If an individual with a master's or doctorate degree in audiology is not licensed by the Board of Examiners in the Fitting and Dispensing of Hearing Aids, may he/she make impressions for earmolds to be used as a part of the hearing aid?
To answer your questions, we must analyze several provisions of article 4566. Paragraph (a) of article 4566-1.06, V.T.C.S., states:
 Every person desiring to engage in fitting and dispensing hearing aids in the State of Texas shall be required to pass an examination given by the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids. (Emphasis added).
Paragraph (e) of the same statute provides in part:
 Every applicant successfully passing the examination and meeting all the requirements of this Act shall be registered by the Board as possessing the qualifications required by this Act and shall receive from the Board a license to fit and dispense hearing aids in this state. (Emphasis added).
Article 4566-1.01(f) defines `[f]itting and [d]ispensing hearing aids' as:
 the measurement of human hearing by the use of an audiometer or by any means for the purpose of making selections, adaptations and/or sales of hearing aids. The term also includes the sale of hearing aids, and the making of impressions for earmolds to be used as a part of the hearing aid.
Article 4566-1.19 provides:
Nothing in this Act shall be construed to apply to the following:
. . . .
 (3) An individual with a master's or doctorate degree in audiology from an accredited college or university may engage in the measurement of human hearing by the use of an audiometer or by any means for the purpose of making selections and adaptations of or recommendations for a hearing aid, provided such persons do not sell hearing aids.
When the foregoing provisions are read together, the following becomes apparent: (1) as a general rule, anyone who desires to engage in `fitting and dispensing hearing aids' in this state must pass an examination given by the Board of Examiners as a prerequisite to becoming licensed by the board to do so; (2) the term `fitting and dispensing hearing aids' includes those specific functions enumerated in article 4566-1.01(f); (3) the examination and licensing requirements of article 4566 do not apply to individuals with a master's or doctorate degree in audiology who perform those functions enumerated in article 4566-1.19(3); and (4) the functions enumerated in article 4566-1.19(3) do not include all those functions enumerated in article 4566-1.01(f).
In Cameron v. Terrell Garrett, Inc., 618 S.W.2d 535,540 (Tex. 1981), the Texas Supreme Court stated:
 It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose . . . Likewise, we believe that every word excluded from a statute must also be presumed to have been excluded for a purpose. Only when it is necessary to give effect to the clear legislative intent can we insert additional words or requirements to a statutory provision . . . . (Emphasis added).
This rule makes it clear that we cannot ignore the significant difference in the wording of articles 4566-1.01(f) and 4566-1.19(3). The former article includes functions which are simply not included in the latter. Specifically, the former defines `fitting and dispensing hearing aids' to include, inter alia, `the making of impressions for earmolds to be used as a part of the hearing aid,' whereas the latter does not include this phrase. We can only conclude that the legislature omitted this phrase from article 4566-1.19(3) because it did not want to authorize individuals with a master's or doctorate degree in audiology to make such impressions without a license.
It has been suggested that the proviso in article 4566-1.19(3) indicates that the legislature really intended to permit individuals with a master's or doctorate degree in audiology to perform any of the functions included in the definition of `fitting and dispensing hearing aids' without a license, as long as they do not sell hearing aids. In other words, it has been suggested that the list of functions which precedes the proviso in article 4566-1.19(3) is not exhaustive, that the proviso is actually the key phrase in the statute, and, therefore, that individuals with a master's or doctorate degree must obtain a license only if they sell hearing aids.
We cannot accept this argument. In our opinion, the argument places too much emphasis upon a proviso and not enough upon the fact that article 4566-1.19(3) specifically omits one of the functions included in the definition of `fitting and dispensing hearing aids' set forth in article 4566-1.01(f). While it is of course possible that the proviso was put in article 4566-1.19(3) to indicate that selling hearing aids is the only function which individuals with a master's or doctorate degree may not perform without a license, it is also possible that it was added to the statute to clarify the fact that persons with those degrees may `engage in the measurement of human hearing by the use of an audiometer or by any means for the purpose of making selections and adaptations of or recommendations for a hearing aid' only if they do not sell hearing aids. In short, we believe that the fact that article 4566-1.19(3) omits any reference to making impressions for earmolds to be used as a part of the hearing aid is far more significant than the fact that the proviso therein refers only to selling hearing aids.
We therefore conclude, in answer to both of your questions, that individuals with a master's or doctorate degree in audiology from an accredited college or university are not exempt from the provisions of article 4566 if they sell hearing aids or make impressions for earmolds to be used as a part of the hearing aid.
 SUMMARY
Individuals with a master's or doctorate degree in audiology from an accredited college or university are not exempt from the provisions of article 4566, V.T.C.S., if they sell hearing aids or make impressions for earmolds to be used as a part of the hearing aid.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Jon Bible and Stan Reid Assistant Attorneys General