The Honorable Burt R. Solomons Chair, Committee on State Affairs Texas House of Representatives Post Office Box 2910 Austin, Texas 78768-2910
Re: Valuation of a residential dwelling offered as a prize at a charitable raffle (RQ-0905-GA)
Dear Representative Solomons:
You ask two questions about Occupations Code section 2002.056, a provision of the Charitable Raffle Enabling Act (the "Act"). Tex. Occ. Code Ann. §§ 2002.001, .056 (West 2004 Supp. 2010).[1]
The Act requires that the "value of a residential dwelling offered or awarded as a prize at a raffle that is purchased by [an] organization or for which [an] organization provides any consideration may not exceed $250,000."Id. § 2002.056(b-l) (West Supp. 2010).[2] You also discussJC-0046, an attorney general opinion concluding that a prize offered or awarded at a raffle may exceed the Act's cap if an organization gives no consideration for the prize. Request Letter at 2; Tex. Att'y Gen. Op. No. JC-0046 (1999) at 2, 5. Accordingly, you ask:
 1) In light of JC-0046, is the cap under [the Act] on the value of a residential dwelling which is not yet constructed, the amount which [the] . . . organization spends to build such a house?
 2) In light of JC-0046, is the cap under [the Act] on the value of a residential dwelling, which is not yet constructed, the total amount of donated and purchased materials, labor, land, and services or is it solely applicable to the amount purchased by the . . . organization?
Request Letter at 3. Because both questions require the same analysis, we answer them together.
JC-0046 contains no language suggesting that the cap varies according to the amount of donated or purchased items used to construct a residential dwelling. See Tex. Att'y Gen. Op. No. JC-0046 (1999) at 1-5. *Page 2 
The Act contains no such language, either. Tex. Occ. Code Ann. § 2002.056 (West Supp. 2010). Thus, the cap does not vary according to the amount of donated or purchased items used to construct a residential dwelling. See Cameron v.Terrell Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981) (explaining that courts presume that "every word excluded from a statute [was] . . . excluded for a purpose"). Instead, asJC-0046 notes, the Act states that if an organization gives any consideration for a prize, the cap is the dollar amount that the Act specifies.[3] Tex. Occ. Code Ann. § 2002.056(b)-(b-l) (West Supp. 2010); Tex. Att'y Gen. Op. No. JC-0046 (1999) at 2,5. Therefore, the cap on the value of a residential dwelling offered or awarded as a prize at a raffle for which an organization provides any consideration is $250,000, regardless of the amount of the donated and purchased items, or who donated or purchased the items, used to construct the dwelling. TEX. Occ. CODE ANN. § 2002.056(b-l) (West Supp. 2010). See alsoCameron, 618 S.W.2d at 540 (explaining that courts presume that every word included in a statute was included "for a purpose"). *Page 3 
 SUMMARY
Under the Charitable Raffling Enabling Act, the cap on the value of a residential dwelling offered or awarded as a prize at a raffle for which a qualified organization provides any consideration is $250,000, regardless of the amount of the donated and purchased items, or who donated or purchased the items, used to construct the dwelling.
Very truly yours,
 GREG ABBOTT Attorney General of Texas
 DANIEL T. HODGE First Assistant Attorney General
 DAVID J. SCHENCK Deputy Attorney General for Legal Counsel
 NANCYS. FULLER Chair, Opinion Committee
 Jason Boatright Assistant Attorney General, Opinion Committee
[1] Request Letter at 1-3 (available at
http://www.texasattorneygeneral.gov).
[2] The term "organization" in the Act refers to a "qualified organization" like a church, volunteer fire department, volunteer emergency medical service, or charity. TEX. Occ. CODE ANN. § 2002.002(2) (West 2004).
[3] Until 2005, section 2002.056 limited the value of a raffle prize to $50,000. Act of May 13, 1999,76th Leg., R.S., ch. 388, § 1, sec. 2002.056, 1999 Tex. Gen. Laws 1431,2362, amendedby Act of May 27, 2005,79th Leg., R.S., ch. 929, § 5, 2005 Tex. Gen. Laws 3174, 3175. The Act did not provide a $250,000 cap on the value ofa "residential dwelling" as it does today. Id. *Page 1