

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

June 13, 2017

Mr. Chase Untermeyer, Chair
Texas Ethics Commission
Post Office Box 12070
Austin, Texas 78711-2070

Opinion No. KP-0152

Re: Application of section 571.140 of the Government Code to sworn complaints filed with the Texas Ethics Commission when those complaints become the subject of litigation (RQ-0145-KP)

Dear Mr. Untermeyer:

You ask "whether section 571.140 of the Government Code prohibits a [Texas Ethics Commission ("Commission")] member from disclosing information related to sworn complaints that are filed with the commission, and which have been resolved by the commission, when the respondent to the sworn complaints has sued the member . . . for [the member's] conduct as a commission member during the sworn complaint process."[1]

Chapter 571 of the Government Code governs the Commission. *See* TEX. GOV'T CODE §§ 571.001–.177; *see also* TEX. CONST. art. III, § 24a (establishing the Commission). That chapter sets out the Legislature's policy "to protect the constitutional privilege of free suffrage by regulating elections and prohibiting undue influence while also protecting the constitutional right of the governed to apply to their government for the redress of grievances." TEX. GOV'T CODE § 571.001. Toward that purpose, chapter 571 establishes five objectives, among them to "control and reduce the cost of elections," to "eliminate opportunities for undue influence over elections and governmental actions," to disclose "information related to election expenditures and contributions for elections and for petitioning the government," and to "ensure the public's confidence and trust in its government." *Id.* § 571.001(1)–(5). Chapter 571 gives the Commission express authority to administer and enforce specific chapters in the Government Code, the Local Government Code, and the Election Code. *See id.* § 571.061(a); *see also id.* § 571.062 (granting the Commission rulemaking authority regarding chapter 571 or "any other law administered and enforced by the commission"). Any individual may file a sworn complaint with the Commission "alleging that a person subject to a law administered and enforced by the commission has violated a rule adopted by or a law administered and enforced by the commission." *Id.* § 571.122(a).

---

[1]Letter from Mr. Chase Untermeyer, Chair, Tex. Ethics Comm'n, to Honorable Ken Paxton, Tex. Att'y Gen. at 3 (Dec. 15, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

Upon the filing of a sworn complaint satisfying form requirements with the Commission, the Commission processes the complaint and conducts a preliminary review. *See id.* §§ 571.123 (processing of complaint), 571.124 (requiring preliminary review); *see also id.* § 571.122(a) (including form requirements). Then, in a preliminary review hearing, the Commission considers submitted evidence related to the complaint and determines the existence of credible evidence about a violation within the Commission's jurisdiction. *See id.* § 571.125(d). If the Commission determines that credible evidence of a violation exists but cannot resolve or settle the complaint, the Commission shall order a formal hearing. *See id.* § 571.126(b)(1), (d). During a formal hearing, the Commission must "determine by a preponderance of the evidence whether a violation within [its] jurisdiction . . . has occurred" and then issue a "final decision stating the resolution of the formal hearing." *Id.* §§ 571.129, .132(a)(1); *see also id.* § 571.132(a)(2) (requiring "a written report stating in detail the Commission's findings of fact, conclusions of law, and recommendation of criminal referral or imposition of a civil penalty, if any"). A respondent may appeal the Commission's final order to a district court. *See id.* § 571.133.

Within this framework, section 571.140 provides, with certain exceptions, that a "sworn complaint, and documents and any additional evidence relating to the processing, preliminary review, preliminary review hearing, or resolution of a sworn complaint or motion are confidential and may not be disclosed unless entered into the record of a formal hearing or a judicial proceeding."[2] *Id.* § 571.140(a); *but see* 1 TEX. ADMIN. CODE § 12.7(a) (Tex. Ethics Comm'n., Confidentiality) (providing for waiver of section 571.140's confidentiality under limited circumstances). Section 571.140(c) imposes criminal penalties on a person who discloses "information made confidential by this section." TEX. GOV'T CODE § 571.140(c); *see also id.* § 571.140(d) (providing for imposition of civil penalties on a person who discloses confidential information).

You tell us that "[d]uring the course of investigating sworn complaints filed with the commission against a respondent, the commission held a preliminary review and preliminary review hearing to consider the sworn complaints and then ordered a formal hearing." Request Letter at 3. You state that the Commission issued subpoenas requiring the respondent to produce records for the formal hearing and that the respondent failed to comply. *See id.* You also state that the Commission referred the respondent's noncompliance to the district court. *See id.* You tell us the respondent sued the Commission members, in their official capacity and individually, for "allegedly violating the respondent's constitutional rights during the confidential sworn complaint process." *Id.* You tell us further that the Commission "then dismissed the sworn complaints." *Id.*

You explain that third parties now seek information about the respondent's allegations, and you question whether a Commission member may disclose information to various persons including an attorney representing the member in the lawsuit, an insurer covering litigation costs or damages, a member's business partners, members of the press, or "other parties to whom the member believes disclosure is necessary to properly defend against the lawsuit." *Id.* at 3–4.

---

[2]To the extent any of the information about which you ask has previously been made public, subsection 571.140(a) provides that such information "remains public information." TEX. GOV'T CODE § 571.140(a).

Subsection 571.140(a) makes the sworn complaint and documents and any additional evidence as related information confidential and prohibits their disclosure unless entered into the record of a formal hearing or judicial proceeding. TEX. GOV'T CODE § 571.140(a); *but see id.* §§ 571.171(a)–(c) (authorizing Commission to refer the matter to a prosecuting attorney in certain circumstances and in such referral to disclose confidential information), 571.133 (authorizing respondent to appeal the Commission's final order). Conversely, the sworn complaint and related information are not confidential and may be disclosed when entered into the record of a formal hearing or a judicial proceeding. By its plain terms, subsection 571.140(a) establishes only specific circumstances in which the sworn complaint and related information are expressly made not confidential such that they may be disclosed. Given the Legislature's enumeration of the instances in which a sworn complaint and related information lose their confidential character, the Legislature made it clear that it did not intend to remove the confidential nature of this information outside of those express circumstances. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) (recognizing that in statutory construction "every word of a statute must be presumed to have been used for a purpose" and that "every word excluded from a statute must also be presumed to have been excluded for a purpose"). Thus, subsection 571.140(a) maintains the confidentiality of a sworn complaint and related information in other circumstances. Accordingly, while a sworn complaint and related information may be the subject of litigation, if the information has not been entered into the record of a judicial proceeding as provided by subsection 571.140(a) it remains confidential.

Here, you tell us the respondent initiated judicial proceedings, but you do not indicate whether the sworn complaint and related information have been entered into the record of that judicial proceeding. *See* Request Letter at 3. In the event they have, under the plain language of section 571.140(a), the sworn complaint and related information are no longer confidential and may be disclosed without invoking any criminal or civil penalties. TEX. GOV'T CODE § 571.140(a). Further, the plain language of subsection 571.140(a) provides that if the sworn complaint and related information have not been entered into the record of the judicial proceeding, they remain confidential and must not be disclosed.[3] *See id.*; *see also* Tex. Ethics Comm'n Op. No. 8 (1992) at 3 (concluding that while the First Amendment may allow a person who files a sworn complaint to publicly state that he or she filed the complaint, the prohibition on disclosure of a sworn complaint applies to the Commission and its staff).

---

[3]Any constitutional question at issue here would be resolved on a number of factual inquiries. Such fact questions are beyond the purview of an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0867 (2011) at 2 (stating, in the context of a constitutional question, that "[a]ttorney general opinions do not answer fact questions").

## S U M M A R Y

Under the plain language of subsection 571.140(a) of the Government Code, a sworn complaint, along with documents and additional evidence related to the sworn complaint, filed with the Texas Ethics Commission loses its confidential nature and may be disclosed only when it has been entered into the record of a formal hearing or a judicial proceeding. Thus, despite being the subject of litigation, a sworn complaint remains confidential if it has not been entered into the record of a formal hearing or a judicial proceeding.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee