Mary Lou WATERS, Appellant,

v.

D.L. HOLLIE d/b/a Hollie's Garage, Appellee.

No. 2–82–023–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 11, 1982.

Robert J. Wilson & Associates, Inc. and Robert J. Wilson, Burleson, for appellant.

L. Clifford Davis, Fort Worth, for appellee.

Before MASSEY, C.J., and JORDAN and RICHARD L. BROWN, JJ.

## OPINION

JORDAN, Justice.

Suit was brought by appellant under the Deceptive Trade Practices Act, and after trial to a jury resulted in a verdict for appellant in the amount of $800.00 actual damages plus attorney's fees through the Supreme Court. Appellant moved for judgment on the verdict and appellee moved the court to disregard the jury's findings and in the alternative for judgment for defendant. The judge who tried this case on December 11, 1980, signed an order finding that appellant was not a consumer as that term is defined under Tex.Bus. & Comm.Code Ann. § 17.45(4) of the Deceptive Trade Act and setting aside the jury verdict. Thereafter, on October 30, 1981, no judgment having been entered, appellant, for some unknown reason, filed a motion for summary judgment. In the meantime, there had been a change of judges in the trial court, and on December 9, 1981, judgment was entered denying appellant's motion for summary judgment and ordering a take-nothing judgment against the appellant. We treat this as a take-nothing judgment, non obstante veredicto, from which there was the appeal.

On appeal the sole question is whether appellant was a "consumer" under § 17.-45(4) of the Deceptive Trade Practices Act.

We reverse and render judgment for appellant, holding that as a matter of law appellant was a "consumer".

There is no statement of facts in this case, but the facts, as stated in both briefs, are not in dispute and they are somewhat unusual. On or about the night of November 27, 1978, appellant's car broke down on the South Freeway in Fort Worth in the area of East Berry Street as appellant was on her way home from work as a waitress. It was somehow moved the same night to the parking lot of the Treasure City Department Store located at East Berry and the South Freeway. It remained there overnight and the next morning the manager of the store had it towed away by appellee, who operated a wrecking and tow-

ing service and storage facility. Appellant's car was then stored at appellee's place of business for over three months, before she learned where it was. Appellant reported her car as stolen to the Fort Worth Police who located the car at Hollie's Garage. Appellee never did notify appellant that he had her car.

When appellant finally saw her car at Hollie's Garage, the contents, consisting of a C.B. radio, tape deck, fish locator, a gold crucifix, a gold medal and various fishing equipment, worth approximately $800.00, were missing. She thereafter filed this suit for recovery of the value of the missing articles under the Deceptive Trade Practices Act only. She did not sue on any common law negligence, conversion, or a bailor-bailee theory.

We disagree with the holding of the trial court that under the facts of this case appellant was not a consumer under § 17.-45(4) of the Act and that she therefore cannot recover thereunder.

Appellant relies on the recent case of *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535 (Tex.1981) to support her argument that she is a consumer under the Act. She contends, and correctly so, that in *Cameron* the Supreme Court held that a person need not seek or acquire goods or services furnished by the defendant to be a consumer as defined in the Deceptive Trade Practices Act. The Court further held in *Cameron* that there is no indication that the legislature intended to restrict the application of the Act by any other similar privity requirement.

In *Cameron* the Supreme Court held that purchasers of a house were consumers within the Deceptive Trade Practices Act for purposes of bringing a suit against the real estate agent for the sellers of the house, for misrepresentation by the agent of the amount of square feet of floor space in the house. The real estate agent, Terrell & Garrett, Inc., contended that a person must seek or acquire goods or services furnished by the person he is suing to qualify as a consumer. It argues that under this requirement the Camerons could not be con-

sumers as to Terrell & Garrett, Inc. because it was the seller's agent and did not furnish any goods or services that were sought or acquired by the Camerons. This is the same argument appellee makes in this case.

The Court in *Cameron* said there are at least two requirements that must be established for a person to qualify as a consumer under the DTPA: one is that the person must have sought or acquired goods or services by purchase or lease and the other is that the goods or services purchased or leased must form the basis of the complaint. The Court went on to say: "The Act is designed to protect consumers from any deceptive trade practice made in connection with the purchase or lease of any goods or services... Consumer is defined in § 17.-45(4) only in terms of a person's relationship to a transaction in goods or services. It does not purport to define a consumer in terms of a person's relationship to the party he is suing. Section 17.45(4) does nothing more than describe the class of persons who can bring a suit for treble damages under Tex.Bus. & Comm.Code Ann. § 17.50." Under the facts of this case and under the holding in *Cameron,* we think those two requirements have been met. *Riverside National Bank v. Lewis,* 603 S.W.2d 169 (Tex.1980); *Woods v. Littleton,* 554 S.W.2d 662 (Tex.1977).

The Court in *Cameron* continued with language which we think settles the issue in our case: "With respect to whom a consumer can sue, section 17.50(a)(1), the subsection under which this suit was tried, expressly states that a consumer can bring a suit if he has been adversely affected by 'the use or employment' by any person of an act or practice declared to be unlawful in section 17.46. Terrell & Garrett is a person under the Act. We, therefore, hold that a person need not seek or acquire goods or services furnished by the defendant to be a consumer as defined in the DTPA."

In the case now before us, which was tried under Tex.Bus. & Comm.Code Ann. § 17.45(4) and § 17.50(a)(2), the appellant plead and proved a breach of implied warranty on the part of appellee D.L. Hollie

d/b/a Hollie's Garage, which was a producing cause of damage to appellant in the amount of $800.00. The jury found all of these facts, and for the reasons above stated, it is our opinion that the trial court should have entered judgment for appellant in accordance with the jury findings.

The judgment of the trial court is reversed and rendered. Under Tex.Bus. & Comm.Code Ann. § 17.50(b)(1) the $800.00 damages found by the jury must be trebled. Judgment is therefore rendered for appellant in the amount of $2,400.00 plus the attorney's fees found by the jury.