NORTHSIDE AUTO STORAGE, et al., Appellants,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

No. A14–84–243–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 20, 1984.

Raymond H. Stauffacher, Jr., Houston, for appellants.

David E. Lueders, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a summary judgment granted in favor of the Plaintiff, Allstate Insurance Company (Allstate) in a suit brought under the Texas Consumer Protection-Deceptive Trade Practices Act (TEX.BUS. & COMM.CODE ANN. § 17.41 et seq.) and the Abandoned Motor Vehicles Act. TEX.REV.CIV.STAT.ANN. art. 6687–9 (now article 4477–9a). Appellants, Northside Auto Storage, Richard King (King), and Westside Wrecker Service, Inc., d/b/a Northside Auto Storage (Westside), raise seven points of error arguing that: there were genuine issues of material fact which preclude the granting of a motion for summary judgment; King was not liable under the DTPA in his individual capacity; the trial court erred in its award of attorney's fees; the DTPA is not applicable in this case; and there was not sufficient summary judgment proof establishing the value of the car. We reverse and remand.

Appellee Allstate brought suit for the return of, or, in the alternative, the value of a 1978 Cadillac automobile. The car was owned by one of Allstate's insureds but was stolen. Appellee paid its insured for the loss of the car in accordance with the insurance policy. Appellee introduced summary judgment evidence that it filed a Salvage Certificate of Title with the Texas Department of Highways and Public Transportation and the Salvage Certificate of Title became part of the car's title history on December 5, 1980. On August 26, 1981, the car came into possession of Appellant Westside Wrecker Service, Inc., doing business as Northside Auto Storage. Northside, in turn, sold the car to King, who was a 50% owner of Northside, on October 5, 1981 for approximately $100. No notice was given to Allstate prior to that sale. On March 17, 1982, King sold the car to a third party.

Even if we assume there were no genuine issues of material fact and King could be held liable under the DTPA in his individual capacity, issues we do not address, the summary judgment must be reversed because the Trial Court incorrectly applied the Deceptive Trade Practices Act to these facts. Point of error six is that the Trial Court erred in ruling that the provisions of the DTPA were applicable to this case. Under this point, Appellants argue that Allstate was not a "consumer" as that term is used in the DTPA.

A party must qualify as a "consumer" in order to maintain a private cause of action under the DTPA. *Riverside National Bank v. Lewis*, 603 S.W.2d 169 (Tex. 1980). The Supreme Court has recognized at least two requirements which must be met in order for a party to qualify as a consumer under the DTPA. The party must have sought or acquired goods or services by purchase or lease and those goods or services must form the basis of the claimant's complaint. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex.1981). Of course, if either requirement is not satisfied, a claimant may not bring suit under the DTPA. *Id.*

Allstate's summary judgment proof failed to establish the prerequisite consumer status. There is no evidence that Appellee sought or acquired any goods or services in connection with this transaction. Even if Allstate could assert the consumer status of its insured, an issue we do not decide, Allstate failed to produce any summary judgment proof that Allstate's insured had sought or acquired goods or services by purchase or lease in connection with this transaction.

We should not be misunderstood as requiring that a claimant be in privity with the party sued in order to satisfy the DTPA definition of consumer. That argument has been presented to and expressly rejected by the Supreme Court. *Cameron*, 618 S.W.2d at 541. However, there still must be some evidence that the claimant in a DTPA case has sought or acquired goods or services by purchase or lease from some person and that those goods or services form the basis of the complaint.

 We acknowledge that our conclusion is contrary to the conclusion reached in *Waters v. Hollie,* 642 S.W.2d 90 (Tex. App.—Fort Worth 1982, no writ). In that case the sole question was whether Waters was a consumer. Waters' car, after it had broken down, was towed from a department store parking lot to a storage facility. The car was stored at Hollie's facility for three months prior to the time the car was located by the police. No notice was given to the owner that the car was being stored. When Waters finally saw her car, she discovered that approximately $800.00 of personal property was missing from inside the car. Waters filed suit against the garage operator under the DTPA for recovery of the value of the missing items. The Fort Worth Court of Appeals determined that, as a matter of law, Waters was a consumer. Appellee argues that "[b]ecause this case is on all fours with *Waters*, this court should affirm...." We are unable to see how Allstate established by summary judgment proof that it or its insured sought or acquired any goods or services by purchase or lease. Certainly Allstate's insured, who had been paid for his interest prior to the time the car came into the Appellants' possession, did not seek or acquire any goods or services. The storage of the car by Appellants could be considered a service. However, there is nothing in the record to show that Allstate sought or acquired that service by purchase or lease. We hold that Allstate failed to show consumer status entitling it to seek recovery under the DTPA. Point of error six is sustained.

Because of our holding that the trial court incorrectly applied the DTPA to this case, we do not address Appellants' remaining points of error.

The judgment is reversed and remanded.

J. CURTISS BROWN, C.J., not participating.