**DICKSON DISTRIBUTING COMPANY, Appellant,**

v.

**Dana LeJUNE, Appellee.**

**No. B14–82–772CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1983.

John A. Barker, Gripp & Barker, Houston, for appellant.

Alice Trevathan, Gibbins, Burrow & Bratton, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

PAUL PRESSLER, Justice.

Dickson appeals from a recovery by LeJune under the Texas Deception Trade Practices-Consumer Protection Act (hereinafter the Act). The primary issues are whether LeJune is a "consumer" as that

term is defined and whether the correct damages issue was submitted. We affirm.

In 1977, LeJune brought the engine of his 1974 Capri automobile to Dickson to be worked upon. After the work was finished, LeJune paid for the repairs and put the engine back into his automobile. In October, the engine malfunctioned and blew up. LeJune brought the automobile to Dickson for repair of the engine and the damage caused by the engine's malfunction. LeJune testified that an agreement was reached that if the malfunction was caused by the prior work on the engine, Dickson would do the needed repairs for no additional charge, but if the malfunction was due to the manner in which LeJune reinstalled the engine, LeJune would pay an additional amount for the repair. The car was left with Dickson. While there, no repairs were made and the automobile suffered damages to its interior and to its body. In July of 1978, LeJune recovered the automobile. He paid nothing further for the requested services.

LeJune brought suit for damages to his automobile while in the custody of Dickson. The suit was brought under the theories of negligence under bailment and the Deceptive Trade Practices Act. The jury found that LeJune was a consumer, that certain acts of Dickson were deceptive trade practices, those acts were a producing cause of actual damages, and that LeJune's automobile had depreciated $1200 in value during the time it was in Dickson's custody. Upon these findings, the trial judge trebled the actual damages, awarded attorney's fees and entered judgment. Dickson appeals.

■ Appellant presents twelve points of error. Points of error one through six argue that LeJune is not a consumer. It is undisputed that in order to bring a claim under the Act, the claimant must be a consumer. *Riverside National Bank v. Lewis,* 603 S.W.2d 169 (Tex.1980). As defined by the Act, a consumer is "an individual, partnership, corporation or governmental entity who seeks or acquires by purchase or lease, any goods or services." Tex.Bus. & Comm. Code Ann. art. § 17.45(4) (Vernon Supp.

1982–1983). In addition to this statutory requirement, the Supreme Court has required that such goods or services must form the basis of the complaint. *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535 (Tex.1981). *Riverside National Bank v. Lewis, supra.* If either requirement is not met, an action under the Act will not lie. *Cameron v. Terrell & Garrett, Inc., supra.*

■ Appellant argues that LeJune was not a consumer because he did not acquire or seek to acquire services by purchase. We disagree. Clearly, appellee sought and acquired services by purchase when he had the engine worked on in August of 1977. If the malfunction was caused by the work done in August, then the repairs would be made under appellant's earlier purchase of services. If, however, LeJune caused the malfunction, then he agreed to pay for the subsequent repairs. The fact that he did not actually pay is irrelevant to his status as a consumer since he sought the repair services by purchase. A claimant can be a consumer under the Act even though the transaction is not consummated. *Ridco, Inc. v. Sexton,* 623 S.W.2d 792 (Tex.App.— Fort Worth 1981, no writ).

■ The jury heard the evidence of both the August transaction and the agreement reached between the parties in October. There was sufficient evidence to support the submission of the issue of whether LeJune was a consumer and to support the jury's findings. Appellant's first six points of error are overruled.

Points of error seven through ten allege that the trial court erred in submitting special issue number eight and because there was no evidence or insufficient evidence to support any finding thereunder. We disagree.

■ Special issue number eight asked the jury to find the depreciation in value of the automobile between October of 1977 and July of 1978. Appellant argues that LeJune's testimony was the only evidence of depreciation but that he testified as to the depreciation between October of 1977 and January of 1979. This period is longer than

the period during which the automobile was in appellant's custody. However, appellant also testified that the automobile was in the same condition in July of 1978 as it was in January of 1979. This testimony, when taken in its entirety, was sufficient to support the submission of special issue number eight. Points of error seven through ten are overruled.

Point of error eleven asserts that the depreciation of the automobile was not the proper measure of damages. In order to complain of a special issue on appeal, a party must point out his objection clearly and the grounds for such. TEX.R.CIV.P. 274. At trial appellant objected only on the grounds of "no evidence, insufficient evidence and no evidence of causation." Appellant's assertion that special issue number eight included the wrong measure of damages is raised on appeal for the first time. Appellant cannot now argue that the measure of damages was improper. *Whitson Company v. Bluff Creek Oil Company,* 156 Tex. 139, 293 S.W.2d 488 (1956). Appellant's eleventh point of error is overruled.

In his final point of error appellant alleged that special issue number eight is improper because there was no causation of damages. A consumer may recover when a deceptive trade practice or a breach of warranty constitutes a producing cause of actual damages. Tex.Bus. & Comm.Code Ann. § 17.50 (Vernon Supp.1982). In special issues three and four, the jury found that the alleged deceptive trade practices and breach of warranty were producing causes of damages to appellee. Special issue number eight asked merely the dollar value of the depreciation. Sufficient causation was shown. Appellant's twelfth point of error is overruled.

The judgment of the trial court is affirmed.