December 10, 2010

Mr. Rod Bordelon
Commissioner of Workers' Compensation
Texas Department of Insurance
7551 Metro Center Drive, Suite 100
Austin, Texas 78744-1609

Opinion No. GA-0828

Re: Whether a workers' compensation carrier may pay for a prescription drug at a rate lower than the fee rate allowed under the guidelines of the Division of Workers' Compensation of the Department of Insurance (RQ-0890-GA)

Dear Commissioner Bordelon:

You ask two questions about the fee rates that workers' compensation insurance carriers must pay to reimburse health care providers for prescription drugs and other remedies delivered to injured workers under Texas workers' compensation laws.[1] First, you ask whether insurers may contract with providers after January 1, 2011, to pay for prescriptions at rates lower than the rates that might be allowed under the fee guidelines established by the Texas Department of Insurance, Division of Workers' Compensation (the "Division"). Request Letter at 1. If the answer to that question is "yes," you want to know whether insurers may contract with informal or voluntary networks to obtain such contracts. Id.

## I.     Whether Insurers May Pay Rates Lower than the Guidelines Allow

In presenting your first question, you discuss whether sections 408.027, 408.028, and 413.011 of the Labor Code prohibit insurers from contracting for a reimbursement rate that is lower than the rates that the guidelines allow. Id. at 1–3. We begin our answer by noting that none of those statutes refers to a minimum fee rate at which insurers may reimburse providers for prescriptions. See generally TEX. LAB. CODE ANN. §§ 408.027 (West Supp. 2010), 408.028 (West 2006), 413.011 (West Supp. 2010). This suggests that the statutes you discuss do not establish a minimum rate. See State v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006) (holding that courts determine the Legislature's intent from the plain meaning of the words it chose); see also Cameron v. Terrel & Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981) (holding that courts must presume that every word excluded from a statute was excluded for a purpose). The lack of a reference to a minimum rate contrasts with the express grant of permission in section 413.011 to insurers to contract "for fees that exceed the fees adopted by the division under this section." TEX. LAB. CODE ANN. § 413.011(d-4) (West Supp.

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

2010) (effective January 1, 2011). This is further indication that the statutes you discuss do not establish a minimum rate. *See Mid-Century Ins. Co. of Tex. v. Kidd*, 997 S.W.2d 265, 273–74 (Tex. 1999) (explaining that a law's express inclusion of a thing generally excludes a thing not expressly included). We have not found any statute that mentions a minimum rate for prescriptions under the Texas workers' compensation system, nor did any of the many briefs we received in this matter purport to identify such a law. Because we are unaware of a statute that identifies a minimum allowable rate, we must interpret the guidelines in order to determine whether there is a minimum allowable rate.

The guidelines refer to a maximum allowable rate, but they do not refer to a minimum allowable rate. 28 TEX. ADMIN. CODE § 134.503(a) (2010) (Tex. Dep't of Ins., Reimbursement Methodology).[2] This suggests that the guidelines do not provide a minimum allowable rate. *See Kidd*, 997 S.W.2d at 273–74 (noting that the express inclusion of something excludes something not expressly included); *see also Rodriguez v. Serv. Lloyd's Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999) (providing that courts interpret administrative rules as they interpret statutes). Therefore, we conclude that there is not a minimum allowable rate under the guidelines.

## II.     Whether Insurers May Contract for Discounted Rates

You also ask "whether insurance carriers may contract with informal or voluntary networks" to obtain a contractual agreement with health care providers to pay for prescriptions at rates lower than the rates allowed under the guidelines after January 1, 2011. Request Letter at 1. Because there could not be a rate lower than the rates the guidelines allow, we will discuss the more basic question of whether insurance carriers may enter into contracts with informal or voluntary networks to obtain contracts with health care providers to pay for prescriptions at negotiated rates. Under Insurance Code chapter 1305, every informal or voluntary network must be certified as a workers' compensation health care network ("WCHCN") by January 1, 2011. TEX. LAB. CODE ANN. § 413.0115(b) (West Supp. 2010). Chapter 1305 provides that "prescription medication or services, as defined by section 401.011(19)(E), Labor Code, may not be delivered through" a WCHCN. TEX. INS. CODE ANN. § 1305.101(c) (West 2009). Section 401.011(19)(E) of the Labor Code provides that a "prescription drug, medicine, or other remedy" is a form of "[h]ealth care," the definition of which includes "all reasonable and necessary medical aid, medical examinations, medical treatments, medical diagnoses, medical evaluation, and medical services." TEX. LAB. CODE ANN. § 413.011(19)(E) (West Supp. 2010). Thus, "prescription medication or services" under chapter 1305.101 are medications or services that provide medical aid to injured workers.

Neither the Labor Code nor Insurance Code defines the adjective "medical," but both codes use it to define other terms in a way that indicates it describes a physical treatment or condition. *See id.* § 401.011(31) (defining the term "medical benefit" as payment for health care intended to treat an injury or disease); TEX. INS. CODE ANN. § 1305.004(13) (West Supp. 2010) (defining the term "medical emergency" as the sudden onset of a condition manifested by severe pain or serious bodily

---

[2]*See* E-mail from Dirk Johnson, the Division's General Counsel, to Jason Boatright, Assistant Attorney General (Sept. 16, 2010) (indicating that the guidelines are section 134.503) (on file with the Opinion Committee).

dysfunction). Because entering into a contract would not physically treat an injured worker, entering into a contract could not be a prescription medication or service. *See* TEX. INS. CODE ANN. § 1305.101(c) (West 2009) (prohibiting a WCHCN from providing a prescription medication or service). Therefore, although a WCHCN must not provide prescription medication or services, an insurance carrier may enter into a contract with a WCHCN to obtain a contract with a health care provider to pay for prescriptions at a negotiated rate after January 1, 2011.[3]

---

[3]We express no opinion on whether any particular contract between a WCHCN and an insurer would be legally permissible. Tex. Att'y Gen. Op. No. GA-0302 (2005) (stating that this office does not review or construe contracts).

## S U M M A R Y

Sections 408.027, 408.028, and 413.011 of the Texas Labor Code do not establish a minimum allowable rate at which workers' compensation insurance carriers may pay for a prescription drug, medicine, or other remedy. A workers' compensation insurance carrier may contract with a workers' compensation health care network to obtain a contract with a health care provider to pay for a prescription drug, medicine, or other remedy at negotiated rates that are permitted by law.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee