June 29, 2010

Mr. Robert Scott
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas   78701-1494

Opinion No.  GA-0785

Re: Effect of recent amendment to section 21.402 of the Education Code on salaries paid to school district employees   (RQ-0855-GA)

Dear Commissioner Scott:

You ask about the effect of certain provisions contained in House Bill 3646, which was adopted during the Eighty-first Legislative Session, on the salaries of teachers and other school district employees.[1] Specifically, your questions involve the salaries that school districts must pay during the 2010–2011 school year. Request Letter at 1.

Education Code section 21.402(a) sets out the formula for the minimum monthly salaries that a school district must pay classroom teachers and certain other employees ("educators"). *See* TEX. EDUC. CODE ANN. § 21.402(a) (Vernon Supp. 2009). House Bill 3646 added subsections (c-1) and (c-2) to Education Code section 21.402. *See id.* § 21.402(c-1)–(c-2); Act of June 1, 2009, 81st Leg., R.S., ch. 1328, § 9, 2009 Tex. Gen. Laws 4173, 4175–76. Subsection (c-1), which provides for a salary increase, states as follows:

(c-1)   Notwithstanding Subsection (a), for the 2009–2010 and 2010–2011 school years, each school district shall increase the monthly salary of each classroom teacher . . . [and certain other employees] by the greater of:

(1)  $80; or

(2)  [an amount determined using a designated formula].[2]

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2]Subsection (c-1)(2) provides as follows:

[T]he maximum uniform amount that, when combined with any resulting increases in the amount of contributions made by the district for social security coverage for

(continued...)

TEX. EDUC. CODE ANN. § 21.402(c-1) (Vernon Supp. 2009). Subsection (c-2) provides that:

> (c-2) An increase in salary under Subsection (c-1) does not include:
>
> (1) any amount an employee would have received for the 2009–2010 or 2010–2011 school year, as applicable, under the district's salary schedule for the 2008–2009 school year, if that schedule had been in effect for the 2009–2010 or 2010–2011 school year, including any local supplement and any money representing a career ladder supplement the employee would have received in the 2009–2010 or 2010–2011 school year; or
>
> (2) any part of the salary to which an employee is entitled under Subsection (a).

Id. § 21.402(c-2). Pursuant to subsection (c-2)(1), the subsection (c-1) salary increase is an amount additional to the amount an educator would receive under a district salary schedule.

You state that "[s]chool districts generally adopt local salary schedules, which may pay educators amounts greater than the minimum requirements of Section 21.402 of the Education Code." See Request Letter at 2 n.4. "Many local salary schedules include annual 'steps' that recognize additional years of experience with a salary increase." Id. You note that if the local salary schedule for 2008–2009 included such increases for additional years of experience, subsection (c-2) would result in eligible educators receiving the increase provided for in the 2008–2009 local salary schedule during the 2009–2010 school year.[3] Id. at 2. Such an increase would be in addition to the amount required by subsection (c-1), i.e., the greater of $80 or the amount determined using the designated formula. Id. You point out that section 99 of House Bill 3646 provides that "[s]ection 21.402(c-1) Education Code, as added by this Act, is not intended to require an increase in the second year of the biennium beginning September 1, 2009." Id. at 3 (quoting Act of June 1, 2009, 81st Leg., R.S., ch. 1328, § 99, 2009 Tex. Gen. Laws 4173, 4212). In connection with section 99, you ask about the appropriate application of subsection (c-2) in the 2010–2011 school year. Id. at 4. You base your question on the following assumed facts:

---

[2](...continued)
> the specified employees or by the district on behalf of the specified employees under Section 825.405, Government Code, may be provided using an amount equal to the product of $60 multiplied by the number of students in weighted average daily attendance in the school during the 2009–2010 school year.

TEX. EDUC. CODE ANN. § 21.402(c-1)(2) (Vernon Supp. 2009).

[3]Subsection (c-2) prevents a school district from reducing the local salary supplement it provided in 2008–2009. See generally Weslaco Fed'n of Teachers v. Tex. Educ. Agency, 27 S.W.3d 258, 261–62 (Tex. App.—Austin 2000, no pet.) (addressing school district's reduction of prior school year's local salary supplement, where no statute prohibited this action).

> An educator with five years of experience was paid $4,000 a month during the 2008–2009 school year.
>
> The district's 2008–2009 local salary schedule required the payment of an additional $100 per month for each of a sixth and seventh year of experience.
>
> The district's subsection (c-1) increase is $80 per month.
>
> The educator is entitled to a salary of $4180 per month during the 2009–2010 school year pursuant to subsections 21.402(c-1) and (c-2).

*See id.*

When the assumed facts are applied to your question, you ask whether the educator, who works in a school district that adopted a local salary schedule for the 2008–2009 school year that would require a $100 per month salary increase for a seventh year of experience, would be entitled to the $100 per month local salary increase to $4280 per month pursuant to subsection 21.402(c-2) during the 2010–2011 school year.[4] *Id.* We look first to the language of subsection (c-2) to answer your question, and "[i]f the statute's language is unambiguous, its plain meaning will prevail." *Leland v. Brandal,* 257 S.W.3d 204, 206 (Tex. 2008).

Subsection (c-2), in providing that the subsection (c-1) increase does not include "any amount an employee would have received for the 2009–2010 or 2010–2011 school year, as applicable, under the district's salary schedule for the 2008–2009 school year, if that schedule had been in effect for the 2009–2010 or 2010–2011 school year," continues a district's 2008–2009 salary schedule in effect for the 2009–2010 and 2010–2011 school years. TEX. EDUC. CODE ANN. § 21.402(c-2) (Vernon Supp. 2009). According to a plain reading of subsection (c-2), an educator subject to section 21.402(a) would receive in the 2010–2011 school year the amount provided by subsection (c-1) plus the amount he or she would receive under the 2008–2009 local salary schedule if it were in effect for the 2010–2011 school year, including any local supplement and any money representing a career ladder supplement for that school year. *See id.* § 21.402(c-1)–(c-2). The educator in your example who was paid in the 2008–2009 school year as someone with five years' experience would have six years' experience in 2009–2010 and seven years' experience in 2010–2011. The educator would thus be entitled in 2010–2011 to the further $100 step increase provided by the 2008–2009 salary schedule you have described. Thus, the educator's monthly salary in the 2010–2011 school year would be $4280.

As your second question, you ask "whether an educator would be entitled to a step increase in 2010–2011 if the district's local salary schedule provides a step increase in that year, but did not do so in the 2009–2010 school year." Request Letter at 4. Subsection 21.402(c-2) provides that a

---

[4]You also state this question as follows: "If a school district adopted a local salary schedule for the 2008–2009 school year that would provide a salary increase for an educator during the 2010–2011 school year if applied during that school year, is an educator entitled to that increase during the 2010–2011 school year?" Request Letter at 4.

school district's "salary schedule for the 2008–2009 school year" applies to educators' salaries in the "2009–2010 or 2010–2011 school year, as applicable." TEX. EDUC. CODE ANN. § 21.402(c-2) (Vernon Supp. 2009). As we have shown in answer to your first question, pursuant to subsection (c-2), the terms of the 2008–2009 salary schedule determine whether a particular educator should receive a salary increase based on years of experience in 2009–2010 or 2010–2011. *See id.* If the 2008–2009 salary schedule provides an increase in the 2010–2011 school year for a particular educator, the plain language of subsection (c-2) entitles him or her to that salary increase, even if the salary schedule did not provide such an increase for the educator in the 2009–2010 school year. *See id.*

You raise section 99 of House Bill 3646, which provides that "[s]ection 21.402(c-1), Education Code, as added by this Act, is not intended to require an increase in the second year of the biennium beginning September 1, 2009." Act of June 1, 2009, 81st Leg., R.S., ch. 1328, § 99, 2009 Tex. Gen. Laws 4173, 4212. You state that "[s]ection 99 precludes a second, additional application of the subsection 21.402(c-1) increase during the 2010–2011 school year." Request Letter at 3. You are, however, concerned that section 99 "is unclear as to whether an educator is entitled to an additional 'step' during the 2010–2011 school year, if such an additional pay increase was included in the district's 2008–2009 local salary schedule." *Id.* In relation to this issue, you quote an exchange on the House Floor between Representative Hochberg, the bill's sponsor,[5] and Representative Giddings about House Bill 3646. *See id.* Representative Giddings stated that "[f]rom my discussion with you, there is nothing in the bill that mandates the district to give a step increase the second year. They just have to maintain the increase that they've given in the first year." H.J. OF TEX., 81st Leg., R.S. 6812 (2009). Representative Hochberg agreed and said that any question about particular words could be handled in a technical correction. *Id.* House Concurrent Resolution 290, correcting technical and typographical errors in House Bill 3646, was adopted soon after this discussion.[6] Section 99 was also included in House Concurrent Resolution 290. *See* Tex. H.R. Con. Res. 290, 81st Leg., R.S., 2009 Tex. Gen. Laws 5652.

You state that section 99 "is unclear as to whether an educator is entitled to an additional 'step' during the 2010–2011 school year, if such an additional pay increase was included in the district's 2008–2009 local salary schedule." Request Letter at 3. We look first to the language of section 99 to determine its meaning. *See First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008) (stating that "[w]hen interpreting a statute, the courts look first and foremost to the plain meaning of the words used"). The Code Construction Act provides that "[i]n construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters" the legislative history. TEX. GOV'T CODE ANN. § 311.023(3) (Vernon 2005). The Texas Supreme Court has directed, however, that "if a statute is unambiguous, rules of construction or

---

[5] *See* H.J. OF TEX., 81st Leg., R.S. 794 (2009).

[6] The discussion between Representative Giddings and Representative Hochberg took place on May 31, 2009, and House Concurrent Resolution 290 was adopted on June 1, 2009. *See* H.J. OF TEX., 81st Leg., R.S. 6812, 6812–13, 6956–57 (2009).

other extrinsic aids cannot be used to create ambiguity." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex. 1999).

Section 99 expressly clarifies "[s]ection 21.402(c-1) Education Code, as added by" House Bill 3646, but it does not mention subsection (c-2). *See* Act of June 1, 2009, 81st Leg., R.S., ch. 1328, § 99, 2009 Tex. Gen. Laws 4173, 4212. When we look to the plain meaning of the words used in section 99, we cannot read this section as applying to subsection (c-2). A court must presume that the Legislature chose every word of a statute for a purpose and excluded every word that has been excluded for a purpose. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995) (quoting *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981)). We do not find any other provision of House Bill 3646 that changes the plain meaning of section 21.402(c-2). Accordingly, in the 2010–2011 school year, an educator would receive pursuant to subsection (c-2) the amount he or she would receive under the 2008–2009 local salary schedule as if that schedule were in effect for the 2010–2011 school year, including any local supplement and any money representing a career ladder supplement for that school year. Section 99 does not change this conclusion.

You finally inquire about the amount a district is required to pay an educator with seven years' experience hired by the district for the first time during the 2010–2011 school year. Request Letter at 4. This question is based on the same assumed facts as your first question, specifically that (1) an educator with five years of experience was paid $4,000 a month during the 2008–2009 school year, (2) the district's 2008–2009 local salary schedule requires the payment of an additional $100 per month for each of a sixth and seventh year of experience, and (3) the district's subsection (c-1) increase is $80 a month. *See id.* Given these assumed facts, you ask which of the three following monthly salaries the district would be required to pay the educator hired for the first time during the 2010–2011 school years:  (1) "$4280 (2008–2009 salary schedule applied in 2010–2011)," (2) "$4180 (2008–2009 salary schedule applied in 2010–2011 but constrained to not provide an additional step in that year)," or (3) "the state minimum salary plus $80 (the 2008–2009 salary schedule has no effect after the 2009–2010 school year)?" *Id.*[7]

As we stated in answer to your second question, subsection 21.402(c-2) provides that a school district's "salary schedule for the 2008–2009 school year" applies to educators' salaries in the "2009–2010 or 2010–2011 school year, as applicable." TEX. EDUC. CODE ANN. § 21.402(c-2) (Vernon Supp. 2009). Under the plain language of section 21.402(c-2), the salary schedule for the 2008–2009 school year applies to educators' salaries in the applicable school year, whether it is the 2009–2010 or 2010–2011 school year. *See id.* Accordingly, the district would be required to pay the educator hired for the first time during the 2010–2011 school year the amount provided by the district's 2008–2009 salary schedule as if it applied in 2010–2011. On the basis of the facts you have asked us to assume, the educator will receive a monthly salary of $4280 in the 2010–2011 school year.

---

[7]Your list of possible salaries shows that a newly-hired educator is placed on the salary schedule according to his or her years of experience regardless of the fact that the experience was acquired in another school district.

## S U M M A R Y

A school district that adopted a local salary schedule in 2008–2009 must compensate an educator subject to Education Code section 21.402(a) in the 2010–2011 school year in the amount provided by subsection (c-1) and the amount he or she would receive under the district's 2008–2009 local salary schedule if it were in effect for the 2010–2011 school year, including any local supplement and any money representing a career ladder supplement for that school year. The educator will receive that amount even if the 2008–2009 local salary schedule did not provide him or her a salary increase in the 2009–2010 school years.

A school district that adopted a local salary schedule in 2008–2009 would be required to pay an educator with seven years' experience hired for the first time during the 2010–2011 school year the amount provided by the district's 2008–2009 salary schedule as if it applied in 2010–2011.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee