ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 25, 2011

The Honorable Burt R. Solomons
Chair, Committee on State Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0837

Re: Valuation of a residential dwelling offered as a prize at a charitable raffle (RQ-0905-GA)

Dear Representative Solomons:

You ask two questions about Occupations Code section 2002.056, a provision of the Charitable Raffle Enabling Act (the "Act"). TEX. OCC. CODE ANN. §§ 2002.001, .056 (West 2004 & Supp. 2010).[1] The Act requires that the "value of a residential dwelling offered or awarded as a prize at a raffle that is purchased by [an] organization or for which [an] organization provides any consideration may not exceed $250,000." *Id.* § 2002.056(b-1) (West Supp. 2010).[2] You also discuss JC-0046, an attorney general opinion concluding that a prize offered or awarded at a raffle may exceed the Act's cap if an organization gives no consideration for the prize. Request Letter at 2; Tex. Att'y Gen. Op. No. JC-0046 (1999) at 2, 5. Accordingly, you ask:

> 1) In light of JC-0046, is the cap under [the Act] on the value of a residential dwelling which is not yet constructed, the amount which [the] . . . organization spends to build such a house?

> 2) In light of JC-0046, is the cap under [the Act] on the value of a residential dwelling, which is not yet constructed, the total amount of donated and purchased materials, labor, land, and services or is it solely applicable to the amount purchased by the . . . organization?

Request Letter at 3. Because both questions require the same analysis, we answer them together.

JC-0046 contains no language suggesting that the cap varies according to the amount of donated or purchased items used to construct a residential dwelling. *See* Tex. Att'y Gen. Op.

---

[1]Request Letter at 1–3 (*available at* http://www.texasattorneygeneral.gov).

[2]The term "organization" in the Act refers to a "qualified organization" like a church, volunteer fire department, volunteer emergency medical service, or charity. TEX. OCC. CODE ANN. § 2002.002(2) (West 2004).

No. JC-0046 (1999) at 1–5. The Act contains no such language, either. TEX. OCC. CODE ANN. § 2002.056 (West Supp. 2010). Thus, the cap does not vary according to the amount of donated or purchased items used to construct a residential dwelling. *See Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex. 1981) (explaining that courts presume that "every word excluded from a statute [was] . . . excluded for a purpose"). Instead, as JC-0046 notes, the Act states that if an organization gives any consideration for a prize, the cap is the dollar amount that the Act specifies.[3] TEX. OCC. CODE ANN. § 2002.056(b)–(b-1) (West Supp. 2010); Tex. Att'y Gen. Op. No. JC-0046 (1999) at 2, 5. Therefore, the cap on the value of a residential dwelling offered or awarded as a prize at a raffle for which an organization provides any consideration is $250,000, regardless of the amount of the donated and purchased items, or who donated or purchased the items, used to construct the dwelling. TEX. OCC. CODE ANN. § 2002.056(b–1) (West Supp. 2010). *See also Cameron,* 618 S.W.2d at 540 (explaining that courts presume that every word included in a statute was included "for a purpose").

---

[3]Until 2005, section 2002.056 limited the value of a raffle prize to $50,000. Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, sec. 2002.056, 1999 Tex. Gen. Laws 1431, 2362, *amended by* Act of May 27, 2005, 79th Leg., R.S., ch. 929, § 5, 2005 Tex. Gen. Laws 3174, 3175. The Act did not provide a $250,000 cap on the value of a "residential dwelling" as it does today. *Id.*

## S U M M A R Y

Under the Charitable Raffling Enabling Act, the cap on the value of a residential dwelling offered or awarded as a prize at a raffle for which a qualified organization provides any consideration is $250,000, regardless of the amount of the donated and purchased items, or who donated or purchased the items, used to construct the dwelling.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee