

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 14, 1993

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-262

Re: Whether a constable may, to collect delinquent child support payments, seize and sell personal property that sections 42.001, 42.002, and 42.0021 of the Property Code otherwise exempt from execution and seizure if the constable is acting pursuant to a writ of execution and related questions (RQ-518)

Dear Mr. Driscoll:

You have asked us to consider the following questions:

1. What personal property, if any, can the constable seize and sell pursuant to a writ of execution issued to collect child support arrearages, attorney fees and interest?

2. What additional or other property, if any, can the constable seize pursuant to said writ of execution if prior to the issuance of said writ of execution the plaintiff in execution has obtained and filed for record in the county clerk's office an abstract of judgment to establish a "child support lien" pursuant to section 14.972 of the Family Code?

3. What property can the constable seize, if the plaintiff in execution obtains an order pursuant to section 14.979 of the Family Code foreclosing on the child support lien purportedly created by filing the abstract of judgment in the office of the county clerk?

We will consider your questions in the order you asked them.

Section 14.05 of the Family Code authorizes a court[1] in a suit affecting the parent-child relationship[2] to order either or both parents to make periodic payments for the

---

[1]Section 11.01(2) of the Family Code defines "court" for purposes of title 2, subtitles A and C of the Family Code as "district court, court of domestic relations, juvenile court having the jurisdiction of a district court, or other court expressly given jurisdiction of a suit under this subtitle."

support of the child generally until the child is eighteen years of age. If the obligor[3] fails or refuses timely to make a periodic payment, that fact "shall constitutes a final judgment" for all child support unpaid and owing, including interest calculated pursuant to section 14.34 of the Family Code. Fam. Code § 14.41(a). If the obligee[4] or obligor makes a proper motion, the court, after notice and hearing, must confirm the amount of child support in arrears and must render judgment against the obligor for the amount of child support unpaid and owing, including interest. *Id.* The obligee may enforce the judgment "by any means available for the enforcement of judgments for debts or by an order of the court requiring that income be withheld from the disposable earnings of the obligor in an amount sufficient to satisfy the judgment." *Id.*; *see id.* § 14.43 (specifying requirements for court order enforcing judgment through withholding of obligor's disposable earnings).

Execution is a process by which a court enforces its judgment by authorizing a sheriff or constable to seize property and cause its transfer or sale. TEX. R. CIV. P. 621, 622. To execute upon a judgment of the district court, the obligee must apply for a writ of execution at least thirty days after the day the judge signed the final judgment; thus, a court may issue an execution only on a valid, final judgment. *Id.* rule 627; *see id.* rule 621. The writ of execution orders the sheriff or constable to, without delay, seize any and all of "the property of the defendant found within [the officer's] county *that is not exempt from execution,*" to sell the property, and to apply the proceeds of the sale to the underlying debt. *Id.* rule 637 (emphasis added); *see id.* rules 639-643 (instructing how to levy on various types of property). The Texas Constitution and state statutes provide for the exemption from execution of certain real and personal property.

Article XVI, section 50 of the Texas Constitution expressly protects the homestead of a family or of a single adult person from forced sale for the payment of all debts, with certain exceptions irrelevant here. *See also* Tex. Const. art. XVI, § 51 (delineating homestead). The legislature has codified the constitutional homestead exemption in chapter 41, subchapter A of the Property Code. With regard to personal property, article XVI, section 49 of the Texas Constitution authorizes the legislature to "protect by law from forced sale a certain portion of the personal property of all heads of families, and also of unmarried adults, male and female." Article XVI, section 49 by itself thus does not exempt any personal property from execution; instead, the legislature has

---

[2]For purposes of title 2, subtitles A and C of the Family Code (of which chapter 14 is a part), "suit affecting the parent-child relationship" includes "a suit brought under this subtitle in which the . . . support of a child[ ] . . . is sought." Fam. Code § 11.01(5).

[3]Section 11.01(9) of the Family Code defines "obligor" as "any person required to make payments under the terms of a support order for a child."

[4]An "obligee" is "any person or entity entitled to receive payments under an order of child support [including] an agency of this state or of another jurisdiction to which a person has assigned his or her right to support." Fam. Code § 11.01(10).

provided, in sections 42.001, 42.002, and 42.0021 of the Property Code, a specific list of personal property exempt from attachment, execution, or seizure. Significantly for your questions, however, section 42.005 of the Property Code provides that sections 42.001, 42.002, and 42.0021 do not apply to a *child support lien* established pursuant to chapter 14, subchapter F of the Family Code.

The Property Code does not define "child support lien." However, pursuant to chapter 14, subchapter F of the Family Code (sections 14.971 - 14.983), a child support lien attaches to all of an obligor's nonhomestead real property[5] and to all of the obligor's personal property not exempt under the Texas Constitution, "including all claims for negligence, personal injury, or workers' compensation" that the obligor owns on or after the date on which the lien attaches. Fam. Code § 14.972(b), (c). The lien attaches when the claimant[6] files one of two documents—either an abstract of judgment[7] or a child support lien notice[8] for past due child support—with:

(1) the county clerk of any county in which the obligor is believed to own nonexempt real or personal property or in the county in which the obligor resides;

(2) the clerk of the court in which a claim, counterclaim, or suit by the obligor is pending, provided that a copy of the lien is mailed to the attorney of record for the obligor; and

---

[5]A child support lien does not attach to a homestead exempt under the Texas Constitution or section 41.001 of the Property Code. Fam. Code § 14.972(b).

[6]For purposes of chapter 14, subchapter F of the Family Code, "claimant" means "a person who claims to be the beneficiary of a [child support] lien." Fam. Code § 14.971(a)(1); *see also id.* § 14.971(a)(2) (defining "lien"). In this opinion, we will use "claimant" and "obligee" interchangeably, but we do not mean to suggest that the two terms necessarily are synonymous.

[7]An obligee or his or her attorney or agent may prepare an abstract of judgment after a court has found the obligor to be in arrears. *See* Prop. Code § 52.002(b). The abstract of judgment must contain, among other things, the names of the plaintiff and defendant; the number of the suit in which the court rendered the judgment; and the amount of the balance due, if any, for child support arrearage. *Id.* § 52.003. The person who prepares the abstract of judgment must verify it. *Id.* § 52.002(b).

[8]Any claimant may prepare a child support lien notice. Fam. Code § 14.973(b). At the least, the lien notice must contain the components specified in section 14.973(a) of the Family Code, including, among other things, the style, docket number, and identity of the court having continuing jurisdiction of the child support cause; the name, address, and, if available, the birth date, driver's license number, and social security number of the obligor; and the amount of child support arrearage the obligor owes together with the date the court rendered its order or issued the writ that determined the arrearage. *Id.* § 14.973(a); *see also id.* § 14.973(b) (providing that claimant may include in notice any other information claimant deems necessary). The person preparing the lien notice must verify it. *Id.*

> (3) any attorney who represents the obligor in a claim or counterclaim which has not been filed with a court.

*Id.* § 14.974.

Significantly, a claimant may create a child support lien with or without judicial action, and the child support lien may or may not be supported by a judgment. If a court already has determined that an obligor is in arrears on his or her child support payments, the claimant may perfect the child support lien by filing in accordance with section 14.974 of the Family Code either an abstract of judgment or a child support lien notice. *See* Fam. Code §§ 14.972(a), 14.973(a)(4), (5). If the court determined that the obligor is in arrears and determined the amount of arrears, but for some reason failed to include a money judgment in its order, a claimant may perfect the child support lien only by filing a child support lien notice. *Id.* § 14.973(a)(4). Additionally, a claimant may perfect the child support lien only by filing a child support lien notice if no court has determined that the obligor is in arrears but an administrative determination of an arrearage exists in a writ of withholding issued pursuant to section 14.45 of the Family Code. *Id.*

Your first question requires us to consider whether, given that section 42.005 of the Property Code states that sections 42.001, 42.002, and 42.0021 of the Property Code are inapplicable to a *child support lien*, a constable may levy a writ of execution on personal property that sections 42.001, 42.002, and 42.0021 exempt from execution.[9] We conclude that the constable may not. As we have discussed above, a child support lien attaches only when a claimant files either an abstract of judgment for past due child support or a child support lien notice. A child support lien does not attach by virtue of a claimant's obtaining a writ of execution. Thus, a constable levying on a writ of execution for a child support arrearage may levy only on personal property of the obligor that sections 42.001, 42.002, and 42.0021 do not exempt from execution.

In your second question, you ask whether the constable may seize additional property if, prior to the time the court issues a writ of execution, the obligee has filed in the county clerk's office an abstract of judgment.[10] As discussed *supra*, once a claimant files an abstract of judgment with an appropriate county clerk, a child support lien attaches to all nonhomestead real property in that county as well as all personal property not exempt under provisions of the Texas Constitution. *See* Fam. Code § 14.972(a), (b), (c). Pursuant to section 42.005 of the Property Code, a child support lien attaches to personal

---

[9]We assume for purposes of this opinion that Constable Abercia, about whom you specifically ask, is an official authorized to levy upon a writ of execution in the fact situation you described. *See* Local Gov't Code § 86.021.

[10]We assume that the county clerk's office to which you refer is in a county in which the obligor is believed to own nonexempt real or personal property or in the county in which the obligor resides. *See* Fam. Code § 14.974.

property that sections 42.001, 42.002, and 42.0021 of the Property Code otherwise exempt from execution or seizure.

Your second question requires us to construe section 14.979(a) of the Family Code, which provides as follows:

> When a *child support lien notice* has been filed under this subchapter, an action to foreclose a lien on nonexempt real or personal property *may* be brought in the district court of the county in which the property is or was located and the lien was filed. [Emphasis added.]

On its face, section 14.979(a) applies only to a child support lien predicated upon the filing of a child support lien notice; it does not apply to a child support lien predicated upon the filing of an abstract of judgment. You argue, however, that section 14.979(a) also should apply to a child support lien predicated upon the filing of an abstract of judgment. This would require us to add to section 14.979 the words "abstract of judgment," so that section 14.979(a) would read, "When a child support lien notice *or abstract of judgment* has been filed . . . , an action to foreclose . . . may be brought." If we construe section 14.979(a) as you suggest, then a constable may not seize additional property if, prior to the time the court issues a writ of execution, the obligee has filed in the county clerk's office an abstract of judgment unless the obligee also has prevailed in a foreclosure proceeding. We decline to construe section 14.979(a) in this manner.

We must presume that every word the legislature excluded from a statute was excluded for a purpose. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). We may insert additional words into a statute only when it is necessary to effectuate the clear legislative intent. *Id.* In our opinion, the legislature chose to exclude "abstract of judgment" because to require a claimant to institute a foreclosure proceeding when the claimant already had obtained an abstract of judgment would be superfluous. We believe, as well, that section 14.979(a) does not require a claimant to institute a foreclosure proceeding on a child support lien predicated upon the filing of a child support lien notice if the claimant filed the child support lien notice subsequent to obtaining a valid, final court judgment that the obligor is in arrears and that determines the amount of the arrearage.

Foreclosure is the process by which a lien holder may become entitled to possess or sell property subject to the lien to satisfy a debt or obligation. Rule 309 of the Texas Rules of Civil Procedure provides generally for the foreclosure of liens. Under rule 309, a judgment for the foreclosure of a lien "shall be . . . that an order of sale shall issue to any sheriff or any constable within the State of Texas, directing him to seize and sell the same as under execution, in satisfaction of the judgment." Accordingly, we note that any holder of a child support lien may institute a foreclosure proceeding on the lien, regardless of whether the lien is predicated upon the filing of an abstract of judgment or a child support

lien notice. If the lien holder prevails in the foreclosure proceeding, the judgment "shall be that the [claimant] recover his debt, damages and costs." TEX. R. CIV. P. 309. To satisfy the judgment, the court shall issue an order of sale "to any sheriff or any constable within the State of Texas, directing him to seize and sell *the same as under execution.*" *Id.* (Emphasis added.) Furthermore, the court shall order the sheriff or constable to, "as in case of ordinary executions," satisfy the debt out of any other of the obligor's property if the property to which the lien attaches is not found or is insufficient. *Id.*

The primary purpose of a foreclosure proceeding under section 14.979(a) of the Family Code is to provide a judicial forum to decide whether an obligor is in arrears on the payment of child support. When a claimant has created a child support lien by filing either an abstract of judgment or a child support lien notice based upon a valid, final judgment, however, a court already has determined that the obligor is in arrears and the amount of child support the obligor owes. In fact, the only defensive issue an obligor may raise at such a foreclosure proceeding is a claim of satisfaction. Rule 630 of the Texas Rules of Civil Procedure, however, mandates that an execution upon a judgment for a sum of money must specify the sum actually due when the court issues the writ of execution. Furthermore, if a writ of execution misstates the amount actually due on the judgment, the obligor may file a claim for injunctive relief. *See* Civ. Prac. & Rem. Code § 65.011.

Requiring a claimant to institute a foreclosure proceeding on a child support lien predicated upon the filing of an abstract of judgment or a child support lien notice based upon a valid, final court judgment simply would require the court once again to determine that the obligor is in arrears and the amount of child support the obligor owes. On the other hand, requiring a claimant to foreclose upon a child support lien predicated upon the filing of a child support lien notice not based upon a valid, final court judgment is not superfluous; no court has yet validly and finally determined that the obligor is in arrears and the amount of the arrearage. Consequently, we do not believe that the legislature intended to require a claimant to initiate foreclosure proceedings on a child support lien established by the filing of an abstract of judgment or a child support lien notice based upon a valid, final court judgment. Thus, in answer to your second question, a constable may seize all of an obligor's nonhomestead real property and all of the obligor's personal property pursuant to a writ of execution if, prior to the issuance of the writ of execution, the claimant has obtained and filed for record in the county clerk's office an abstract of judgment. The claimant need not institute a foreclosure proceeding in compliance with section 14.979(a) of the Family Code.

Finally, you ask what property the constable may seize if the claimant has not only filed an abstract of judgment, thereby establishing a child support lien, but also foreclosed on the lien in accordance with section 14.979(b)(2) of the Family Code and has thereby obtained an order requiring the constable to levy execution to satisfy the lien, costs, and attorney's fees. As we stated above, under rule 309 of the Texas Rules of Civil Procedure, any holder of a child support lien may foreclose on the lien, regardless of the method by which the lien attached. Assuming that the court properly conducted a hearing and

rendered judgment, the court's order authorizes the constable to seize all of the obligor's nonhomestead real property and all personal property, even that personal property that sections 42.001, 42.002, and 42.0021 of the Property Code otherwise exempt from attachment, execution, and seizure.

## S U M M A R Y

Pursuant to a writ of execution issued to collect child support arrearages, attorney fees, and interest, a constable may seize only that personal property of the obligor that sections 42.001, 42.002, and 42.0021 of the Property Code do not exempt from execution.

Rule 309 of the Texas Rules of Civil Procedure authorizes any holder of a child support lien to foreclose on the lien, regardless of whether the lien attached upon the filing of an abstract of judgment or a child support lien notice. On the other hand, section 14.979(a) of the Family Code requires a claimant to foreclose on the child support lien *only if* the lien attached by virtue of the filing of a child support lien notice that was not based on a valid, final court judgment finding the obligor in arrears and determining the amount of the arrearage. Section 14.979(a) does not require a claimant to foreclose on a child support lien that is predicated upon the filing of an abstract of judgment or a child support lien notice based upon a valid, final court judgment. Thus, if, prior to the issuance of the writ of execution, the claimant obtained an abstract of judgment and filed it for record in the appropriate county clerk's office thereby creating a child support lien, the constable may seize all of a child support obligor's nonhomestead real property and all of the obligor's personal property. Likewise, if a claimant chooses to institute foreclosure proceedings upon a child support lien predicated upon the filing of an abstract of judgment, the constable may seize all of a child support obligor's nonhomestead real property and all of the obligor's personal property.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General