

June 25, 2025

Ms. Alicia R. Whipple
Fannin County Auditor
101 East Sam Rayburn Drive, Suite 301
Bonham, Texas 75418

**Opinion No. KP-0493**

Re: Whether commissary funds under Local Government Code § 351.0415 can be used to hire a full-time employee at a privately operated jail (RQ-0564-KP)

Dear Ms. Whipple:

You ask whether commissary proceeds may be used to pay the salary of a full-time county employee who will "work" at "a county jail that is operated by a private vendor [("Company")] under contract with the [C]ounty."[1] This employee's "primary duties" are described as including:

1. Monitoring the Company's provision of medical care, mental health procedures, counseling, rehabilitation, education, and other services to inmates;

2. Ensuring the [Company's] compliance with the Texas Commission on Jail Standards rules; . . .

3. Serving as the County's liaison to the Company to ensure inmate needs and grievances are satisfactorily addressed; and

4. Ensur[ing] the Company's compliance with the County contract to ensure transparency and effective implementation of inmate programs and services.

Request Letter at 1. Relatedly, you tell us that this employee will be involved with inmate programs and services. *See id.* at 1–2 (referring to staffing inmate programs and services). You seek confirmation that Local Government Code subsections 351.0415(c)(1) and (c)(5) permit the expenditure. *Id.* But "[t]he propriety of a particular expenditure from a commissary account is a question of fact that we cannot answer in an attorney general opinion." Tex. Att'y Gen. Op. No.

---

[1] Letter from Ms. Alicia R. Whipple, Fannin Cnty. Auditor, to Hon. Ken Paxton, Tex. Att'y Gen., and the Op. Comm. at 1 (Oct. 4, 2024), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ0564KP.pdf ("Request Letter").

KP-0159 (2017) at 1. We can, however, provide general advice on the use of commissary proceeds for a salary under the two referenced subsections.[2]

**When a sheriff or sheriff's designee has exclusive control over the commissary funds, the commissioners court's assistance is not needed to use the commissary proceeds.**

As a preliminary matter, you tell us that the "County" is the one "considering using commissary funds . . . to hire a [county] employee." Request Letter at 1. Yet it is "[t]he sheriff or the sheriff's designee" who possesses "exclusive control of the commissary funds" and "may use commissary proceeds" for qualifying purposes.[3] TEX. LOC. GOV'T CODE § 351.0415(b)(1), (c); *see also id.* § 351.0415(a) (providing that these individuals "may operate, or contract with another person to operate, a commissary for the use of inmates committed to the county jail"). This amounts to the "sole power to decide what items to purchase from commissary proceeds [] within the statutory parameters." Tex. Att'y Gen. Op. No. JC-0122 (1999) at 4; *see also, e.g.*, Tex. Att'y Gen. Op. No. JS-0005 (2023) at 3–4 (concluding that a sheriff could "lease a vehicle with commissary funds without first seeking the approval of the commissioners court").

Even more, the Legislature has expressly forbidden commissioners courts from "us[ing] commissary proceeds to fund the budgetary operating expenses of a county jail."[4] TEX. LOC. GOV'T CODE § 351.0415(g). Though "operating expenses" is undefined, we construe this term in accordance with its plain meaning, which may be ascertained by using dictionaries, and read the term in its context according to the rules of grammar and common usage. TEX. GOV'T CODE § 311.011(a); *Morath v. Lampasas Indep. Sch. Dist.*, 686 S.W.3d 725, 734–35 (Tex. 2024). An "operating expense" is "[a]n expense incurred in running a business and producing an output." BLACK'S LAW DICTIONARY 618 (8th ed. 2004). A salary of a county employee "staff[ing] a county jail" could fit within that definition. *See* Request Letter at 1; *see also, e.g.*, TEX. LOC. GOV'T CODE § 152.001 (providing that salaries for county employees may be "paid from the general fund of the county").

---

[2] You briefly mention that the employee would "oversee[] commissary expenditures." Request Letter at 2. However, this opinion is limited to reviewing the county employee's salary within the limits of subsections 351.0415(c)(1) and (c)(5)—the only two provisions referenced in your letter. *See id.* at 1. We thus do not address whether the expenditure could be permissible elsewhere, which would involve the resolution of fact questions. *See, e.g.*, TEX. LOC. GOV'T CODE § 351.0415(c)(3) (permitting commissary proceeds to be used to "establish, staff, and equip the commissary operation and fund the salaries of staff responsible for managing the inmates' commissary accounts"); Tex. Att'y Gen. Op. No. KP-0271 (2019) at 2.

[3] We recognize that, at present, the exclusive-control provision "does not apply to the sheriff" if the county "(1) has a population of 2.1 million or more; (2) has two municipalities with a population of 250,000 or more; and (3) is adjacent to a county with a population of 2.1 million or more." TEX. LOC. GOV'T CODE § 351.04155(a), (b)(1). In such a case, "the sheriff may not make a disbursement from the commissary proceeds unless the sheriff receives approval for the disbursement from the commissioners court." *Id.* § 351.04155(b)(3). Yet this exception does not apply to Fannin County, whose most recent federal decennial census reported a population is 35,662. U.S. CENSUS BUREAU, https://www.census.gov/quickfacts/fannincountytexas (last visited Feb. 14, 2025); *see also* TEX. GOV'T CODE § 311.005(3) (defining "population" as "the population shown by the most recent federal decennial census"). We therefore undertake no further discussion of this exception.

[4] Though a prior opinion incorrectly stated this provision limits sheriffs' use of commissary funds, Tex. Att'y Gen. Op. No. KP-0159 (2017) at 2, that misstatement was not central to the opinion's reasoning or ultimate conclusion.

As a result, we offer general guidance on subsections 351.0415(c)(1) and (c)(5) in the event the sheriff or their designee intends to make use of the commissary proceeds at issue here. *See, e.g.*, Tex. Att'y Gen. Op. No. JS-0005 (2023) at 3 n.4 (determining that whether a particular expenditure constitutes a budgetary operating expense need not be addressed because the expenditure was likely permissible under subsection 351.0415(c)(5)).

**Local Government Code subsection 351.0415(c)(1) permits using commissary proceeds for the salary of an employee whose duties are related to a specific program that addresses the social needs of inmates.**

Subsection 351.0415(c)(1) permits a sheriff or sheriff's designee to use commissary proceeds to "fund, staff, and equip a program addressing the social needs of the inmates, including an educational or recreational program and religious or rehabilitative counseling." TEX. LOC. GOV'T CODE § 351.0415(c)(1). Because you ask about using the commissary proceeds for an employee's salary, Request Letter at 1, we focus on the undefined terms "fund" and "staff," and apply their plain meaning as informed by the context in which they are used. *See Morath*, 686 S.W.3d at 734.

Of the two terms, "fund" is broader than "staff." The verb "fund" means "to provide funds for," where the noun "funds" refers to "a sum of money or other resources whose principal or interest is set apart for a specific objective." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 472 (10th ed. 1993). The verb "staff," however, means "to supply with a staff or with workers." *Id.* at 1143; *see also* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY UNABRIDGED 2219 (2002) (defining the verb "staff" as "to supply with a staff: provide the necessary personnel for"). Without more, both terms could reasonably encompass a salary. *See, e.g.*, Tex. Att'y Gen. Op. No. KP-0271 (2019) at 2 (observing that subsection 351.0415(c)'s use of "staff" encompasses expenditures for salaries).

But when construing a statute, "we give effect to all its words and, if possible, do not treat any statutory language as mere surplusage." *State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006). It follows that "fund" cannot be read to render "staff" meaningless. To "staff . . . a program" indicates that the program itself is being supplied with staff and workers, suggesting that the staff and workers' responsibilities are directly involved with carrying out the program. *See, e.g.*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1143 (10th ed. 1993) (defining the noun "staff" as "the personnel who assist a director in carrying out an assigned task"); *id.* at 1363 (defining "worker" as "one that works esp. at manual industrial labor or with a particular material," where the verb "work" means "to carry on an operation or perform a job through, at, in, or along"). That leaves "fund" to encompass the salaries associated with the those who are not supplied to the program itself, but who are nonetheless involved in the carrying out of the program, suggesting indirect involvement with said program.[5]

---

[5] To be sure, subsection 351.0415(c)(3)'s use of "fund the salaries of staff" indicates that "fund" used elsewhere does not include the salaries of staff directly carrying out the task being staffed. Otherwise, the phrase "the salaries of staff responsible for managing the inmates' commissary accounts" in subsection 351.0415(c)(3) would be superfluous. TEX. LOC. GOV'T CODE § 351.0415(c)(3).

Given that subsection 351.0415(c)(1) uses both "fund" and "staff," the county employee's salary may be permissible so long as the associated duties relate to a permissible program—one that addresses the social needs of the inmates, "including an educational or recreational program and religious or rehabilitative counseling" programs. TEX. LOC. GOV'T CODE § 351.0415(c)(1); *see also* TEX. GOV'T CODE § 311.005(13) ("'[I]ncluding' [is a] term[] of enlargement and not of limitation or exclusive enumeration, and use of the term[] does not create a presumption that components not expressed are excluded."). While the degree of the duties' connection to the program may vary, the duties must nonetheless be connected to a specific type of program; otherwise, it cannot be said to be an expenditure for the program. Indeed, the spending of commissary proceeds cannot apply generally but rather may only be used for the permissible purposes described within the subsection. TEX. LOC. GOV'T CODE § 351.0415(g); *cf.* Tex. Att'y Gen. Op. Nos. JS-0005 (2023) at 3 (finding a vehicle "dedicated exclusively" to a permissible purpose, as opposed to "general use by law enforcement personnel," to likely be an appropriate use of commissary proceeds), KP-0159 (2017) at 2 (explaining that "spending the funds on general recruitment, training, and development" as opposed to specifically for programs or services described in subsection 351.0415(c)(5) is not a permissible use of commissary proceeds). Accordingly, a salary is permissible under subsection 351.0415(c)(1) if the county employee's duties relate to an inmate social needs program akin to the types of programs listed in the provision, even if the employee is not supplied to the program itself.

**While Local Government Code subsection 351.0415(c)(5) does not encompass staffing expenditures, it does encompass salaries of employees who are not supplied to a program itself but whose duties nonetheless carries out a program or service that provides for the well-being, health, safety, and security of the inmates and jail facility.**

You also direct us to subsection 351.0415(c)(5), Request Letter at 2, which permits commissary proceeds to be used by a sheriff or sheriff's designee to "fund physical plant improvements, technology, equipment, programs, services, and activities that provide for the well-being, health, safety, and security of the inmates and the facility," TEX. LOC. GOV'T CODE § 351.0415(c)(5).

Unlike other provisions, "fund" in this context is not accompanied with "staff" or any reference to staff salaries. *See id.* § 351.0415(c)(1), (c)(3)–(4). For example, the previously discussed subsection 351.0415(c)(1) permits commissary proceeds to be used to "*fund*, *staff*, and equip a program addressing the social needs of the inmates." *Id.* § 351.0415(c)(1) (emphasis added). "[E]very word of a statute must be presumed to have been used for a purpose," and likewise, "every word excluded from a statute must also be presumed to have been excluded for a purpose." *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 260 (Tex. 2018) (quoting *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981)). Where, as here, "the Legislature employs a term in one section of a statute and excludes it in another section, the term should not be implied where excluded." *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995). As such, we must presume subsection 351.0415(c)(5)'s omission of "staff" and "salaries of staff" is intentional. Accordingly, subsection 351.0415(c)(5)

does not encompass the salaries of those staff and workers who are supplied to the program or service itself to directly carry out said program or service.[6]

Further, courts presume that "the Legislature uses the same word consistently throughout a statute and uses different words to convey different meanings." *Malouf v. State ex rels. Ellis*, 694 S.W.3d 712, 727 (Tex. 2024). Under this presumption, "fund" maintains the meaning it holds elsewhere in subsection 351.0415(c). Thus, "fund" here is presumed to encompass the salaries associated with employees who are not supplied to the program or service itself, but who remain indirectly involved in the carrying out of the program or service.

As with subsection 351.0415(c)(1), the propriety of an indirect connection does not mean the duties can bear no connection to a program or service "that provide[s] for the well-being, health, safety, and security of the inmates and the facility." TEX. LOC. GOV'T CODE § 351.0415(c)(5); *see supra* discussion pp. 3–4. The duties must fall within the scope of the permissible purpose described in subsection 351.0415(c)(5), meaning they do not apply generally, untethered to a specific program or service that provides the benefits described in the subsection. TEX. LOC. GOV'T CODE § 351.0415(g); *cf.* Tex. Att'y Gen. Op. No. KP-0159 (2017) at 2 (questioning "whether the *possibility* of the deputy responding to an inmate riot is" too remote to reasonably be "an expenditure for a program, service, or activity" under subsection 351.0415(c)(5) (emphasis added)). Accordingly, a salary may be permissible under subsection 351.0415(c)(5) if the salary is for an employee not supplied to a program or service itself but who is indirectly involved in carrying out a program or service that provides for the well-being, health, safety, and security of the inmates and facility.

**We cannot conclude as a matter of law whether the county employee's salary is a permissible expenditure of commissary proceeds under subsections 351.0415(c)(1) and (c)(5).**

Though the employee is involved with programs and services, Request Letter at 1–2, more information is needed regarding the employee's involvement with those programs and services. In general, the employee's responsibilities appear to be more focused on oversight of the Company's performance and provision of programs and services, as opposed to staffing programs or services. *See id.* at 1 (indicating that the Company, not the county employee, provides the inmate programs and services). Responsibilities of this monitoring and oversight nature suggests that the employee is not supplied for the programs or services themselves, but rather indirectly involved in carrying out the programs and services. You nonetheless suggest that the employee "staff[s] inmate programs and services." *Id.* at 2 (internal quotations omitted). If the employee's involvement rises

---

[6] A previous opinion of this office stated that "spending the [commissary] funds on general recruitment, training, and development, and not specifically for the staffing of programs or services that provide for the 'well-being, health, safety, and security of the inmates and the facility,' would fall outside the scope of subsection 351.0415(c)(5)." Tex. Att'y Gen. Op. No. KP-0159 (2017) at 2. This statement addresses general spending of commissary proceeds, untethered to programs or services providing for well-being, health, safety, and security, and should not be read to answer whether staffing expenditures fall within the authority to "fund" programs or services for such purposes.

to the level of "staffing," however, the expenditure is not permissible under subsection 351.0415(c)(5) and may only be considered within the parameters of subsection 351.0415(c)(1).

It is also unclear whether all of the employee's duties are connected to a specific program or service and, if so, whether the employee's duties are connected only to the "program[s] addressing the social needs of the inmates" and "programs[] [or] services[] . . . that provide for the well-being, health, safety, and security of the inmates and the facility." TEX. LOC. GOV'T CODE § 351.0415(c)(1), (5). For example, you describe various duties without a reference to any specific inmate program or service. *See* Request Letter at 1. Your description of the employee's duty to monitor the Company's provision of programs and services certainly refers to some specific programs that could fit in subsection 351.0415(c)(1), such as "counseling, rehabilitation, [and] education." *Id.* You also refer to some services that could fit within subsection 351.0415(c)(5), such as "medical care." *Id.* Still, we understand that the employee will be involved with more than just those programs and services. *See id.* (referring generally to "other services to inmates"). To the extent the employee's duties are untethered to a specific program or service described in subsections 351.0415(c)(1) or (c)(5), the employee's duties are too general to fall within the scope of the subsections. And of those specific programs and services with which the employee is involved, they must fit within the description of the permissible programs and services detailed in subsections 351.0415(c)(1) and (c)(5). *See, e.g.*, Tex. Att'y Gen. Op. No. GA-0901 (2011) at 3 (looking at whether particular expenditures "fall within the categor[ies]" expressly articulated in subsections 351.0415(c)(1) and (c)(5)).

For the *entire* salary of the county employee to be paid by commissary proceeds, every duty must fall within the purpose described in subsections 351.0415(c)(1) or (c)(5).[7] *See* TEX. LOC. GOV'T CODE § 351.0415(g) (requiring commissary proceeds to be used "only" for permissible purposes). But we cannot definitively resolve your inquiry, as a matter of law, without engaging in fact questions that are beyond the scope of this opinion. *See* Tex. Att'y Gen. Op. No. KP-0271 (2019) at 2. Whether the expenditure is permissible is ultimately a question for the sheriff or sheriff's designee in the first instance. *See, e.g.*, *id.* (reasoning that the sheriff's exclusive control and authority to use the commissary proceeds granted him authority to initially determine whether an expenditure falls within subsection 351.0415(c)).

---

[7] In a situation where the sheriff is operating the commissary, this office previously concluded that "an expenditure of commissary funds under subsection 351.0415(c) is not arbitrary if the amount of the expenditure is reasonable in light of the performance of the authorized activities." Tex. Att'y Gen. Op. No. KP-0271 (2019) at 2–3.

**S U M M A R Y**

Local Government Code section 351.0415 authorizes the sheriff or the sheriff's designee to use commissary proceeds only for the enumerated statutory purposes. To the extent the county commissioners' court would be using the commissary proceeds for the salary of a particular county employee who will staff a county jail operated by a private vendor, such an expenditure would not be permissible under section 351.0415. Assuming the sheriff or sheriff's designee would use the commissary proceeds, the question of whether those proceeds may be used for the salary of that particular county employee pursuant to the enumerated statutory purposes detailed in subsections 351.0415(c)(1) and (c)(5) requires the resolution of fact questions that are beyond the scope of this opinion.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

AMANDA K. ROMENESKO
Assistant Attorney General, Opinion Committee